PAMPERIN, Plaintiff and Respondent, v. MILWAUKEE MUTUAL INSURANCE COMPANY, Defendant and Appellant: ALLSTATE INSURANCE COMPANY and another, Defendants. [Case No. 60.]

MARONEK, Plaintiff and Respondent, v. MILWAUKEE MUTUAL INSURANCE COMPANY, Appellant. [Case No. 61.]

*Nos. 60, 61. Argued May 1, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 783.)

28

"...

"...

"...

At the close of all the testimony, Milwaukee Mutual moved for a directed verdict. The trial court reserved ruling on the motion, in accordance with preferred practice, and submitted the case to the jury in a single question special verdict: "On August 22nd, 1967, was Karin Joan Kaminsky, nee Karin Joan Hodlewsky, a resident of the same household as her uncle, Wasyly Hodlewsky?" The jury answered the question in the affirmative. Defendant's motion for a directed verdict was denied, together with various other motions after verdict. The trial court rendered an extensive memorandum decision and entered an interlocutory judgment in accordance with the special verdict.

For the appellant in Case No. 60 there were briefs and oral argument by *Thomas J. Regan* of Milwaukee.

For the appellant in Case No. 61 there were briefs and oral argument by *Thomas J. Regan* of Milwaukee.

For the plaintiff-respondent Keith A. Pamperin in Case No. 60 there was a brief by *Petrie, Stocking, Meixner & Zeisig, S.C.,* and *John A. Stocking,* all of Milwaukee, and oral argument by *John A. Stocking.*

For the plaintiff-respondent Jerry Thomas Maronek in Case No. 61 there was a brief by *Kraemer, Binzak*

& *Sylvan* of Menomonee Falls, and oral argument by
*Ronald W. Sylvan.*

CONNOR T. HANSEN, J. We first consider the issue
of whether the trial court erred in refusing to direct
a verdict in favor of the defendant and to determine
as a matter of law that Karin Kaminsky was not a
resident of her uncle's household at the time of the
accident.

It is well settled that a case may be taken from the
jury and decided as a matter of law:

"'"... only when the evidence gives rise to no dis-
pute as to the material issues or only when the evidence
is so clear and convincing as reasonably to permit un-
biased and impartial minds to come to but one con-
clusion." ...'" *Eden v. La Crosse Lutheran Hospital*
(1971), 53 Wis. 2d 186, 191, 191 N. W. 2d 715.

If there is any evidence, when viewed most favorably
to the party against whom the verdict is sought to be
directed and, which under any reasonable view would
sustain a defense or a cause of action, the case must
be submitted to the jury. *Flintrop v. Lefco* (1971),
52 Wis. 2d 244, 190 N. W. 2d 140; *Phoenix Ins. Co. v.
Wisconsin Southern Gas Co.* (1970), 45 Wis. 2d 471,
484, 485, 173 N. W. 2d 610.

Residents or members of a household, as those terms
are employed in insurance policies for purposes of cov-
erage, is a phrase designative of a relationship where
persons live together as a family and deal with each
other in a close, intimate and informal relationship and
not at arm's length. *Lontkowski v. Ignarski* (1959),
6 Wis. 2d 561, 95 N. W. 2d 230; *National Farmers
Union, Property & Casualty Co. v. Maca* (1965), 26
Wis. 2d 399, 132 N. W. 2d 517; *Herbst v. Hansen* (1970),
46 Wis. 2d 697, 176 N. W. 2d 380. However, living
together under one roof as a family is neither the sole
nor the controlling test of whether a person is a resi-

dent or member of a household. In addition, the intended duration of the relationship is a necessary element, whether the attempt is to show the creation or the termination of the relationship. As this court stated in *National Farmers Union Property & Casualty Co. v. Maca, supra,* 406:

". . . The intended duration should be sufficient so as not to be inconsistent with the intimacy of the relationship, and also long enough so that it is reasonable to expect the parties to take the relationship into consideration in contracting about such matters as insurance or in their conduct in reliance thereon."

In that case, the policy of insurance provided coverage for farm accidents except for those causing bodily injury to the named insured, his spouse and any relative of the named insured who was a resident of the same household. The named insured's thirty-two-year-old son was injured while operating a corn picker on his father's farm and commenced a personal injury action against his father. The son had been living with his parents for a period of five months prior to the accident under circumstances consistent with a household relationship. Both the father and the son maintained that the situation was temporary. Although the son was employed outside of the farm at the time, he was seeking other employment which, if secured, would cause him to move from the farm. The trial court found, as a matter of law, that the son was a member of his father's household. On appeal, this court affirmed, stating on pages 407, 408:

". . . counsel argues that the word 'resident' must be construed with the connotation of 'domicile,' and cannot apply to one who does not have the present intention to remain. We have so construed the word 'resident' where used in certain statutes. The word, however, 'is an elastic term which may refer to a temporary sojourner as well as to one possessing a legal

domicile.' *We think that one is not a resident of the household or member of the family if, even though he has no other place of abode, he comes under the family roof for a definite short period or for an indefinite period under such circumstances that an early termination is highly probable.* If, however, the circumstances of his stay are otherwise consistent with a family or household relationship, and his stay is likely to be of substantial duration, the fact that he attempts to find employment, gaining which he would live elsewhere, would not, in our opinion, prevent his being a resident of the household or a member of the family. . . ." (Emphasis added.)

Thus, while the intended duration does not require the permanency generally associated with the establishment of a legal domicile, something more is required than a mere temporary sojourn. In this connection the subjective or declared intent of the individual, while a fact to be considered, is not controlling, but the intended duration oftentimes must be determined only after a thorough examination of all the relevant facts and circumstances surrounding the relationship.

*Doern v. Crawford* (1966), 30 Wis. 2d 206, 140 N. W. 2d 193, involved a situation where the attempt was to show that the relationship of "resident of the same household," having once been established, had terminated by the named insured's absence from the household. The policy provision with respect to nonowned vehicles was identical to the one in the instant case. An accident occurred while a nonowned vehicle was being driven by the stepson of the named insured. Although the named insured had lived with his wife and stepson for some time, six days prior to the date of the accident he instituted an action for divorce and left the home. Defendant-Crawford's insurance carrier denied coverage and moved for summary judgment. The trial court denied the motion. On appeal, this court affirmed; however, the order of the trial court granting plaintiff's

motion for summary judgment was reversed for the reason that the disposition of the issue raised was not proper on motion for summary judgment:

"The holdings of these three cases [*Raymond v. Century Indemnity Co.* (1953), 264 Wis. 429, 59 N. W. 2d 459; *Lontkowski v. Ignarski, supra;* and *National Farmers Union Property & Casualty Co. v. Maca, supra*] demonstrate that the controlling test of whether persons are members of a household at a particular time is not solely whether they are then residing together under one roof. Living together under one roof is a factor to be considered and must have occurred at some time. When not occurring at the time in question, the absence from the family roof must be of a temporary nature with intent on the part of the absent person to return thereto. There is a close analogy between the concepts of household and domicile because intent of the person involved plays such a significant part. The one material difference between the two is that a domicile once acquired is not lost when a person leaves it, even though intending never to return, until he establishes a domicile elsewhere. We determine that this is not true with respect to a household, and, therefore, physical absence coupled with intent not to return is sufficient to sever the absent person's membership in the household. Every person has a domicile but not every person is a member of a household.

"Whether the absence from the household is of long or short duration is immaterial except as it may give rise to an inference of intent to remain away permanently or only temporarily. In the instant situation the fact that Paulson [the named insured] later discontinued the divorce action and returned to the household of his wife and stepson is not conclusive on the issue of whether his absence therefrom at time of accident was intended by him to be permanent or temporary; nor is the statement contained in his affidavit, that he left the family household with intent not to return, conclusive on this issue." *Doern v. Crawford, supra,* pages 213, 214. *See also: Herbst v. Hansen, supra.*

Therefore, under the decisions of this court, a determination as to whether a person is a resident or member of a household in the present context is de-

pendent upon three factors: (1) Living under the same roof; (2) in a close, intimate and informal relationship; and (3) where the intended duration is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship ". . . in contracting about such matters as insurance or in their conduct in reliance thereon." *National Farmers Union Property & Casualty Co. v. Maca, supra,* 406.

The previous decisions of this court indicate that no one factor is controlling but that all of the elements must combine to a greater or lesser degree in order to establish the relationship. We also approve the previous determinations of this court that the terms "resident or member of the same household," as used in policies of automobile liability insurance, are not ambiguous and, therefore, should be construed in light of their plain and common meaning. It makes no difference whether the terms are employed to define exclusion or inclusion from coverage, or whether the question is one of creating or terminating the relationship. *Lontkowski v. Ignarski, supra,* 566; *Giese v. Karstedt* (1966), 30 Wis. 2d 630, 141 N. W. 2d 886.

The material facts in the instant case show that Karin came to the Hodlewsky home for the specific purpose of assisting in caring for her cousins while her uncle and aunt were at the hospital. She made full use of the household facilities without restriction, although she did not drive either of two automobiles owned by her uncle. The record does not support a finding that she moved any significant amount of her possessions to the home or established any specific area of the home as her own. On the contrary, she kept only a few clothes with her and periodically returned to her mother's home to pick up additional belongings as needed. She did not reside continuously at her uncle's

home but part of the time she slept at the hospital, and when her aunt was at home Karin slept at her mother's home. She came to the Hodlewsky home possibly a week to ten days prior to the accident and returned thereto only once or twice after the accident. At most, the length of her stay could have been a little more than one month when she planned on returning to school, and was subject to an earlier termination depending upon the recovery of either her grandmother or her cousin. Although respondent contends that it could reasonably be inferred that Karin might have been willing to extend her stay beyond the time she planned on returning to school, such an inference would be mere speculation in view of the fact that all persons concerned, including the trial court, acknowledged that Karin's assistance in the Hodlewsky home was limited in terms of time by the commencement of school.

Appellant contends there were no disputed facts or conflicting inferences to warrant the submission of the case to the jury. The trial court agreed in part with plaintiff's counsel in that the evidence presented issues of fact with respect to (1) whether the parties were living together in an informal, intimate relationship, and (2) whether the duration of the stay was likely to have been substantial and of sufficient duration so as not to be inconsistent with the relationship.

We are of the opinion, however, that the evidence cannot support a finding that the intended duration of Karin Kaminsky in her uncle's household was likely to have been substantial. She came into the household under circumstances where an early termination was highly probable. Furthermore, she transferred none of her possessions to the home and did not reside there continuously during the period prior to the accident. While her relationship with the Hodlewskys may have been intimate and informal, it cannot be said that she was living in the household under circumstances where

such matters as insurance would reasonably have been considered by the parties. Recognition must be given to the fact that the instant case is primarily and essentially concerned with the provisions of an insurance contract.

We conclude that the trial court should have directed a verdict in favor of the appellant.

Having determined the ultimate issue in this case as a matter of law, we find it unnecessary to consider the other issues raised on this appeal.

The judgment of the trial court is reversed and the cause remanded, with directions to enter judgment dismissing the complaints as to defendant, Milwaukee Mutual Insurance Company.

*By the Court.*—Judgment reversed and cause remanded, with directions to enter judgment for the defendant, Milwaukee Mutual Insurance Company.