BELLING, Plaintiff and Respondent, v. HARN and others, Defendants and Respondents: CONSOLIDATED UNDER-WRITERS, Defendant and Appellant.

*No. 195.   Argued September 3, 1974.—Decided October 3, 1974.*
(Also reported in 221 N. W. 2d 888.)

110

For the appellant there was a brief by *Fulton, Menn & Nehs, Ltd.*, attorneys, and *John R. Teetaert* of counsel, all of Appleton, and oral argument by *Peter S. Nelson* of Appleton.

For the plaintiff-respondent there was a brief by *Bachman, Cummings & McIntyre* of Appleton, and oral argument by *Angus R. McIntyre*.

ROBERT W. HANSEN, J. Was the wife a resident of the same household as her husband at the time of the accident here involved? If she was, she was covered by the automobile liability policy secured by her husband.

which defined "named insured" to include "his spouse, if a resident of the same household." At the time of the accident the wife and husband were voluntarily living separate and apart, the husband leaving the family home following the commencement of divorce proceedings by the wife.

The expressions, "resident of household," "member of family," and the like often appear in automobile liability policies "in definitions of additional insureds." [1] This court has said, as to such references in such policies: ". . . The purpose is to provide protection for those whom, because of close relationship, a person obtaining a liability insurance policy would ordinarily want it to protect." [2] This court has said that these expressions ". . . are used in all cases to describe a common type of close relationship, varying greatly in detail, where people live together as a family in a closely knit group, usually because of close relationship by blood, marriage, or adoption and deal with each other intimately, informally, and not at arm's length." [3] On the matter of the intention of the parties, this court held that: "The intention of the members as to the duration of the relationship would seem to be important in only two respects. The intended duration should be sufficient so as not to be inconsistent with the intimacy of the relationship, and also long enough so that it is reasonable to expect the parties to take the relationship into consideration in contracting about such matters as insurance or in their conduct in reliance thereon." [4] If reasonableness of expectation that the wife was to be covered was the sole test, there would be no question in the case before us for here the husband secured the coverage

[1] *National Farmers Union Property & Casualty Co. v. Maca* (1965), 26 Wis. 2d 399, 405, 132 N. W. 2d 517.

[2] *Id.* at page 405.

[3] *Id.* at page 406.

[4] *Id.* at page 406.

for the wife's automobile because he was concerned about coverage for her and the children.

However, the expectations of the parties in contracting about insurance protection became only one of several factors to be considered in a more recent case dealing with whether a person is a member of a household within the context of an automobile liability policy.[5] There this court suggested three factors to be considered: (1) Living under the same roof; (2) in a close, intimate and informal relationship; and (3) where the intended duration is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude "that the parties would consider the relationship '. . . in contracting about such matters as insurance or in their conduct in reliance thereon.' "[6] The expectation of the parties as to coverage remains a factor to be considered, but it gets a good deal of company. The intention of the parties remains related to the intent to provide protection ". . . for those whom, because of close relationship, a person obtaining a liability insurance policy would ordinarily want it to protect."[7] It is not negatived by the subsequent listing of additional factors to be considered. The listing of three factors to be considered does not result in a threefold test with each to be required. As this court observed in regard to one of the factors enumerated: ". . . However, living together under one roof as a family is neither the sole nor the controlling test of whether a person is a resident or member of a household. . . ."[8] We would add that, where a husband and

[5] *Pamperin v. Milwaukee Mut. Ins. Co.* (1972), 55 Wis. 2d 27, 197 N. W. 2d 783.

[6] *Id.* at page 37.

[7] *National Farmers Union Property & Casualty Co. v. Maca, supra,* at page 405.

[8] *Pamperin v. Milwaukee Mut. Ins. Co., supra,* at pages 33, 34.

wife commence living separately, following the instituting of divorce proceedings by one of them, the weight to be given to their separate living is diluted greatly by the fact a divorce action has been started and is pending.

Our reason for viewing dimly the instituting of divorce proceedings and consequent separate living of the spouses as creating two households does not derive alone from the expectation of coverage factor, although it is certainly true that a husband, voluntarily moving or ordered to remove himself from the family home by a temporary order of the family court, would hardly expect that his removal from the family premises pending the trial would leave his wife and children without insurance protection. Rather it is based on the special nature of divorce proceedings in this state with the state's Family Code providing: (1) For the institution of actions for divorce by summons only and a mandatory cooling-off period to facilitate reconciliations;[9] (2) with a requirement that an effort be made to reconcile the parties;[10] and (3) with the public policy in regard to marriage dissolutions stated to be: "It is the intent of chs. 245 to 248 to promote the stability and best interests of marriage and the family."[11] The authority statutorily

[9] *See:* Sec. 247.061 (1) (a), Stats., providing: "In every action for divorce or legal separation there shall be a waiting period of 60 days after service of the summons upon the defendant before the complaint may be served upon him or filed in court . . . ."

[10] *See:* Sec. 247.081 (1), Stats., providing: "In every action for divorce or legal separation the family court commissioner shall cause an effort to be made to effect a reconciliation between the parties . . . ."

[11] Sec. 245.001 (2), Stats., also stating: "Marriage is the institution that is the foundation of the family and of society. Its stability is basic to morality and civilization, and of vital interest to society and the state. . . . The impairment or dissolution of the marriage relation generally results in injury to the public wholly apart from the effect upon the parties immediately concerned."

granted to court or court commissioner to enter temporary orders, during the pendency of divorce litigation, relating to custody, support and maintenance and ". . . in relation to the persons or property of the parties as in its discretion shall be deemed just and reasonable in light of all circumstances . . . ."[12] is not intended and is not construed to be used to defeat the benefits of the family relationship in regard to automobile insurance protection while the divorce action is pending. The living separate and apart of the parties to a divorce proceeding may or may not prove that "absence makes the heart grow fonder," but we hold that such separate living of the spouses following the instituting of divorce proceedings is not a factor to be given any great weight in determining whether such spouses remain members or residents of a single household.

We take note of an earlier decision of this court that, arguably, could lead to a different conclusion. There this court dealt with whether or not the adult son of the wife by a prior marriage was a resident of the household of the husband who had instituted an action for divorce against his wife and thereupon had removed himself from the home of the parties and went to live in a hotel.[13] There this court held that it was error for the trial court to have ordered summary judgment for the plaintiff, finding that the husband had left the family household with intent not to return. However, the remand was for determination at trial of whether the husband had left the family household, after the institution of divorce proceedings, with intent not to return. Under our holding in the case before us, if he left after the institution of the divorce action and while the action was pending, his leaving the family home, even with intent not to

---

[12] Sec. 247.23 (1), Stats.

[13] *Doern v. Crawford* (1966), 30 Wis. 2d 206, 140 N. W. 2d 193.

return, is not a factor to be given weight in determining the question of residency in a family household. In the case cited, the record shows that the husband involved later discontinued his divorce action and returned to the family household.[14] This is not unusual, and, even if it were, the public policy of this state is declared to encourage such marital reconciliations and such calming of troubled marital seas. The holding, express or implied, in *Doern* that removal from a household following commencement of divorce proceedings and during the pendency of the action can be a factor to be given weight in determining residency in a family household is hereby negatived and withdrawn.

In the case before us, the trial court did give weight to the fact that the parties were not living under one roof, following the institution of divorce proceedings by the wife, but nonetheless concluded that the wife was a resident of the same household as her husband under the terms of the insurance policy. In balancing the factors involved, the trial court placed on the no-single-household side of the scales the fact of separate living, the testimony of the husband that he did not seek a reconciliation with his wife and his testimony that he considered his room on Washington Street to be his residence. On the single-household-for-both side of the scales, the court placed the fact that conciliation counseling had been attempted, that the relationship between the parties was friendly, that the husband visited the family home at least once a week and that the room to which the husband moved constituted temporary quarters. The trial court found the heavier weight on the side of holding the wife to be a resident of the husband's household, and we agree with that holding. However, we now hold that a separation of the parties following institution of a divorce action, whether vol-

[14] *Id.* at page 214.

untary or court ordered, is temporary in nature and often facilitates reconciliation of the parties so we would remove that fact or factor from the no-single-household side of the scales. In this case, on this record, that would leave very little of a counterweight to the single-household factors the trial court found controlling.

For the purpose of completeness we cite a case in which this court upheld the denial of summary judgment in a case in which there had been a decree of legal separation entered as to the husband and wife involved.[15] In that case the court noted that ". . . there are more rights and obligations remaining in the marriage after a legal separation than following an absolute divorce, . . ."[16] and also gave weight to the fact that the judgment of legal separation involved ". . . provided for reconciliation and revocation of the judgment upon application of the parties. . . ."[17] The court added: "As a matter of dicta, we state that if Mrs. Herbst had obtained an absolute divorce it would be appropriate to rule, as a matter of law, that Clarence Herbst's absence from the family household was of a permanent nature. . . ."[18] At least at the expiration of the interlocutory period when the divorce decree dissolves the relationship of husband and wife,[19] that is good dicta. And, while an action for divorce or legal separation is pending, and before a decree of any sort is entered, we hold that the fact that the husband and wife commenced

---

[15] *Herbst v. Hansen* (1970), 46 Wis. 2d 697, 176 N. W. 2d 380.

[16] *Id.* at page 706.

[17] *Id.* at page 707.

[18] *Id.* at page 707.

[19] *See:* Sec. 247.37 (1) (a), Stats., providing: "When a judgment of divorce is granted it shall not be effective so far as it affects the marital status of the parties until the expiration of 6 months from the date of the granting of such judgment, except that it shall immediately bar the parties from cohabitation together and except that it may be reviewed on appeal during said period. . . ."

living separate and apart, whether by consent or court order, is not a factor to be given weight in determining whether or not such spouses are members of the same household.

*By the Court.*—Judgment affirmed.