Amy Miskowiec JOHNSON, et al., Appellants,

v.

AMERICAN ECONOMY INSURANCE COMPANY, Respondents.

No. C9–87–1753.

Court of Appeals of Minnesota.

Feb. 16, 1988.

James T. Martin, Marlene R. Tschida, Gislason, Martin & Varpness, P.A., Edina, for appellants.

George Charles Hottinger, Chadwick, Johnson & Condon, P.A., Minneapolis, for respondents.

Heard, considered and decided by NORTON, P.J., and LANSING and IVERSON,[*] JJ.

## OPINION

LANSING, Judge.

Western National Mutual Insurance Company and Amy Johnson brought a declaratory judgment action against American Economy Insurance Company, seeking to establish that Johnson was insured under an American Economy policy issued to her brother. The trial court denied Western's and Johnson's motion for summary

judgment and granted American Economy's motion, declaring that Johnson was not a resident of her brother's household for purposes of his insurance policy. Western and Johnson appeal. We affirm.

## FACTS

Amy Johnson is a defendant in a wrongful death action arising out of her operation of a motor vehicle owned by Timothy Johnson. At the time of the accident Amy Johnson lived with her parents and was covered under her father's Western National policy as a member of her father's household. After Timothy Johnson's insurer tendered the limits of its policy, Western National assumed the defense of the wrongful death action and brought this action seeking a declaration that Amy Johnson was also insured under a policy issued by American Economy to her brother, Anthony Miskowiec.

At the time of the accident Anthony Miskowiec also lived with his parents. Miskowiec and his wife moved into his parents' home in April 1980 from an apartment which they rented after their marriage. Their intention was to remain until they found suitable property to purchase. They moved out in May 1981. During that time, Miskowiec worked long hours at a new business and spent little time with his parents or his sister. He and his wife brought some furniture with them and stored other furniture. They did not have a separate apartment, but had their own bedroom. Miskowiec slept, showered and ate some meals at the family home, but did not assist with household chores. He and his wife paid no rent, but occasionally bought groceries, and his wife helped with cooking and household chores. All five people in the house shared the rest of the living space, kitchen facilities and bathrooms. Miskowiec's father described the living arrangement as comfortable, informal, and "like one big, happy family."

Miskowiec and his wife owned two vehicles which were insured by American Economy: a Renault LeCar and a truck owned and insured by Anthony's business.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

The policy on the Renault provided coverage for family members, defining a member of the family as "a person related to you by blood, marriage, or adoption who is a resident of your household, including a ward or foster child."

Based on this provision, both insurers moved for summary judgment. The trial court denied Western National's and Johnson's motion for summary judgment and granted American Economy's motion, declaring that Johnson was not insured under her brother's policy.

### ISSUE

Did the trial court err in declaring that an adult residing in her parents' home, where an adult brother temporarily resides, is not a resident of that brother's household for purposes of his car insurance policy?

### ANALYSIS

Both insurers acknowledge that the resolution of this declaratory judgment issue turns on whether Amy Johnson was a resident of her brother Anthony Miskowiec's household at the time of the accident. In making this fact-based determination, the trial court relied on a three-part test originally developed in a Wisconsin case and later adopted in Minnesota. This test examines whether the person seeking coverage and the named insured were:

(1) living under the same roof; (2) in a close, intimate and informal relationship; and (3) where the intended duration is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship " * * * in contracting about such matters as insurance or in their conduct in reliance thereon."

*Pamperin v. Milwaukee Mutual Insurance Co.,* 55 Wis.2d 27, 37, 197 N.W.2d 783,

789 (1972) (quoted with approval in *Firemen's Insurance Co. of Newark v. Viktora,* 318 N.W.2d 704, 706 (Minn.1982)).

In Minnesota, the first two *Pamperin* factors are generally satisfied by a finding that the person seeking coverage and the named insured "dwell together as a family under the same roof." *See Viktora,* 318 N.W.2d at 707 (citing *Van Overbeke v. State Farm Mutual Automobile Insurance Co.,* 303 Minn. 387, 392, 227 N.W.2d 807, 810 (1975)); *Tomlyanovich v. Tomlyanovich,* 239 Minn. 250, 58 N.W.2d 855 (1953). The record in this case supports the trial court's determination that Johnson and Miskowiec lived together as a family at the time of the accident. Miskowiec and his wife moved into his parents' house, where Johnson also lived, in the spring of 1980. They did not move out until several months after the accident. Miskowiec and his wife did not maintain a separate apartment within the house, but shared the facilities generally. The living arrangements were casual and informal; no rent was paid; evening meals were eaten together and Miskowiec's wife helped with cooking and household chores.[1]

However, the determination that Johnson and Miskowiec lived together as a family in their parents' household does not dictate a finding that Johnson was a resident of Miskowiec's household for purposes of his automobile insurance policy. Nor, we would add, does it dictate a determination that she was not a resident of his household. It is not argued, nor is there a basis for an argument, that residency in one household—such as Johnson's parents' household—necessarily excludes Johnson from being a member of a concentric household such as her brother's. *See Mutual Service Casualty Insurance Co. v. Olson,* 402 N.W.2d 621, 624 (Minn.Ct.App. 1987), *pet. for rev. denied* (Minn. May 20, 1987).

---

**1.** Respondent American Economy filed a notice of review from the trial court's finding that Johnson and Miskowiec lived together in the same household unit. Although this position may be argued in American Economy's brief, it is not separately appealable. Rule 106 of the Rules of Civil Appellate Procedure permits a respondent to obtain review of a *judgment* or *order* entered in the same action which has an adverse effect. It does not permit review of an interstitial finding of fact that results in a judgment favorable to the respondent.

The third *Pamperin* factor provides the framework for analyzing the relationship of the persons to each other and to the household. It asks whether the nature and duration of the relations are such that it would be reasonable to conclude that the parties considered the relationship in contracting for insurance. This factor is based on an assumption that the purpose of provisions extending coverage to members of the insured's household is "to provide protection for those whom, because of close relationship, a person obtaining a liability insurance policy would ordinarily want it to protect." *Skarsten v. Dairyland Insurance Co.*, 381 N.W.2d 16, 18 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Mar. 27, 1986) (citing *National Farmer's Union Property & Casualty Co. v. Maca*, 26 Wis. 2d 399, 405, 132 N.W.2d 517, 520 (1965)).

The trial court reasoned that Miskowiec's stay at his parents' house was intended to be, and was in fact, temporary; that Miskowiec and Johnson did not have a particularly close relationship; that neither had significant recollection of each other during that period; that their respective schedules made interaction rare; that Miskowiec's fledgling dental laboratory business frequently required him to work 45-hour shifts; and that most of his meals were taken at work.

We agree with the trial court's determination that in light of the temporary nature of Miskowiec's residency and in the absence of any special interaction or relationship between the emancipated siblings, it is unlikely that Miskowiec would have considered his relationship with his sister in obtaining his insurance contract with American Economy. No evidence suggests that Johnson drove Miskowiec's car or relied on him for any of her needs.

Absent a more permanent living arrangement or a special relationship between the parties—such as parent and child—from which an assumption of protection might be inferred, it is reasonable to conclude that Miskowiec would not have contemplated protecting Johnson under his car insurance policy, and therefore Johnson is not a member of her brother's household for the purpose of being covered by his insurance policy.

### DECISION

Affirmed.