534 So.2d 901 (1988)
STATE FARM FIRE AND CASUALTY COMPANY, Appellant,
v.
Jeffrey BLASBAND, Etc., et al., Appellees.
No. 88-600.
District Court of Appeal of Florida, Fifth District.
December 8, 1988.
Chris W. Altenbernd and James J. Evangelista, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Bruce A. Walkley, of Walkley, Stuart, Macy & Strickland, and Scott Charlton, of Peavyhouse, Grant, Clark, Charlton, Opp & Martino, Tampa, for appellees.
SHARP, Chief Judge.
State Farm Fire and Casualty Company appeals from a final judgment which held that Jeffrey Blasband was covered under his stepmother's (Sylvia Blasband's) homeowners insurance policy. The policy excluded coverage for personal injuries to insureds and their relatives who are residents of the household.[1] Jeffrey was a minor at the time he was accidently shot by a rifle in his stepmother's and father's home. The jury determined that Jeffrey was a "resident" of the household where the accident occurred. The trial judge entered a JNOV for the Blasbands because the term "resident" as used in the exclusion is ambiguous, and because in a divorce decree entered some years before, custody of Jeffrey was granted to his mother, Barbara. We reverse.
It appears to us that the question of residence was properly submitted to the jury. Whether an individual is a resident of a household for purposes of determining coverage or non-coverage under an insurance policy is generally a mixed question of law and fact. Row v. United Services Automobile Association, 474 So.2d 348 (Fla. 1st DCA 1985). Some of the factors to be considered by the jury in considering residency have been set forth in Kiplinger v. Kiplinger, 147 Fla. 243, 2 So.2d 870, 873-874 (1941), in which the Florida Supreme Court stated:
The residence of a party consists of fact and intention. Warren v. Warren, 73 Fla. 764, 75 So. 35 L.R.A. 1917E, 490. Residence indicates place of abode, whether permanent or temporary. Minick v. Minick, 111 Fla. 469, 149 So. 483. A resident is one who lives at a place with no present intention of removing therefrom. Tracy v. Tracy, 62 N.J. Eq. *902 807, 48 Atl. 533. Whether or not a party is a resident is a question of law and fact to be settled or determined from the facts of each particular case.
In this case, the evidence established that Jeffrey had been living in his stepmother's and father's home together with a stepbrother and a half-brother, for 2 1/2 years before the accident. In the divorce decree, custody was awarded to Barbara Blasfield, Jeffrey's mother. However, by mutual agreement, Jeffrey was living with his father and attending high school in Citrus County. Every other weekend he visited his mother in Tampa.
We do not think the use of the word "resident" in the insurance policy created an ambiguity. In any event, no testimony was offered to aid the court or trier of fact in construing the meaning of the policy. Rather, the question of "residence" was properly submitted to the jury, and it made a determination, based on competent and substantial evidence. There was no justification for directing a verdict or entering a JNOV in this case. Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983); McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA), rev. dismissed, 411 So.2d 380 (Fla. 1981). Accordingly, we reverse and remand this case with directions to enter a judgment based on the jury verdict.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] "Insureds" were defined by the policy as (a) your relatives; (b) any other person who is under the age of 21 who is in the care of any person named above.