## Patricia E. WALL, Plaintiff-Appellant,

### v.

## HERITAGE MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 89-0679-FT. Submitted on briefs June 20, 1989.—Decided July 25, 1989.*

(Also reported in 446 N.W.2d 75.)

For plaintiff-appellant there were briefs by *Angus R. McIntyre* and *Bachman, Cummings & McIntyre, S.C.,* of Appleton.

For defendant-respondent there was a brief by *Michael F. O'Brien* and *Garvey, Anderson, Kelly & Ryberg, S.C.,* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.  Patricia Wall, a California resident injured in a motorcycle accident there in November, 1984, appeals a summary judgment dismissing her claim against her estranged Wisconsin husband's auto insurance carrier, Heritage Mutual Insurance Company.[1] The trial court decided that Patricia was not a "spouse living in the same household" and therefore not an insured under Darold Wall's policy. The trial court distinguished *Belling v. Harn,* 65 Wis. 2d 108, 221 N.W.2d 888 (1974). We agree and affirm the summary judgment.

In *Belling,* the supreme court upheld a trial court finding that Ruth Harn was a "resident of the same household" and covered under her husband's insurance policy, despite the fact that the couple had instituted divorce proceedings and had separate residences. The court held that the separate living arrangements of the spouses did not create "two households," partially because of the expectation or intentions of the parties to effect coverage, and partially to give effect to the public policy of Wisconsin's divorce law that promoted temporary separate living arrangements to facilitate reconciliation. *Id.* at 114, 221 N.W.2d at 892. As evidence of the parties' expectation of coverage, the court noted that

---

[1] This is an expedited appeal pursuant to Rule 809.17.

Harn arranged to include Ruth's car in his policy, that the insurer was fully aware of the pending divorce and separation and in fact paid a minor property damage claim of his wife during the separation and prior to the accident in question.

Summary judgment is inappropriate where there remain material disputed facts or competing inferences from undisputed facts. *Delmore v. American Family Mut. Ins. Co.*, 118 Wis. 2d 510, 516, 348 N.W.2d 151, 154 (1984). The undisputed evidence in this case gives rise only to the inference that the parties permanently and unequivocally arranged separate households.

In contrast to *Belling,* Patricia and Darold Wall separated in California in 1983 where they had lived together since their 1979 marriage. Darold had Patricia's name deleted from his auto insurance policy several months later. In late 1983, after his employer transferred him to Chicago, Darold filed a pro se California divorce action and reached a marital settlement agreement with Patricia in March, 1984. Thereafter, an "Interlocutory Judgment of Dissolution of Marriage," was approved by the Superior Court of Modesto, California, in May, 1984.

The settlement agreement provided, among other things, that the parties "have agreed to separate and to live permanently apart"; that "[t]he purpose of this agreement is to make a final and complete settlement of all rights and obligations between us," and stated that "by this present agreement we intend to settle all aspects of our marital rights." Darold purchased a tavern in Cadotte, Wisconsin, where he moved with a friend, Lorraine Fernandez. In July, 1984, Darold applied for auto insurance with Heritage, stated on the application that he was not married, and listed Fernandez as an additional driver.

Patricia, on the other hand, points to language in the California judgment that provides: "This interlocutory judgment does not constitute a final dissolution of marriage and the parties are still married. One of the parties must submit a request for final judgment . . .. Neither party may remarry until a final judgment of dissolution is entered."

■■

The mere fact that the parties were still legally married under California law is not a sufficient basis to apply the holding in *Belling* to the facts of this case. The formal act of filing a marital settlement agreement permanently settling all legal obligations and rights and declaring an intent to permanently separate, coupled with a court approval to do so, may alone distinguish this case from *Belling*. The additional undisputed facts that Darold left California, removed Patricia's name from his auto insurance, declared himself unmarried, and told his new insurer that his new companion was the only additional insured remove any doubt that *Belling* is not applicable. Summary judgment was appropriate.

*By the Court.*—Judgment affirmed. Costs to Heritage.