**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Petitioner, Appellant,**

v.

**Joel Robert THIEM, Respondent.**

No. C2–92–2435.

Supreme Court of Minnesota.

Aug. 13, 1993.

Mary Muehlen Maring, Fargo, ND, for appellant.

Paul T. Bensloof, Bemidji, for respondent.

COYNE, Justice.

On petition for further review of American Family Mutual Insurance Company, we consider a decision of the court of appeals reversing the summary judgment entered in favor of the petitioner-insurer and remanding for further proceedings in this insurance coverage dispute. *American Family Mut. Ins. Co. v. Thiem*, 498 N.W.2d 279 (Minn.App.1993). While the facts are more fully detailed in the decision of the court of appeals, it is sufficient for our purposes to summarize them as follows: 10–year–old Joshua Thiem died as a result of injuries sustained in an automobile accident on August 31, 1990 while a passenger in an automobile driven by his mother. His parents' marriage had been dissolved by judgment and decree entered on September 23, 1986 and this action centers upon whether the deceased was a resident of his father's household for insurance coverage purposes under an automobile policy issued by American Family to its insured, Joel Robert Thiem.

At the time of the marriage dissolution, Barbara Thiem, Joshua's mother, was awarded sole custody of the three minor children subject to Joel's reasonable visitation and during the ensuing years, while the separate families moved on several occasions and at times considerable distance separated them, Joel and his new family spent considerable time with Joshua and routinely maintained space for him during his visits in the home. The parties appear to have established a cooperative effort by which both participated fully in their son's life and Joel's regular contacts and interaction were maintained.

Designated as trustee for Joshua's heirs and next of kin in a wrongful death action, Joel made a claim against the uninsured and underinsured coverage of the automobile policy issued to him by American Family contending that Joshua was an insured under that policy. When the insurer denied coverage, it commenced this declaratory judgment action, seeking a judicial declaration that Joshua was neither in the named insured's custody nor a resident of the insured's household at the time of the accident. On the parties' cross-motions for summary judgment, the trial court awarded judgment to the insurer, concluding that the deceased was not a resident of his father's household.

The court of appeals reversed, declaring that there exist genuine issues of material fact as to the *"intended* nature and extent of Joshua's stays." (Emphasis original). It remanded to the trial court for its determination of residency as a question of fact, cautioning that:

[w]hile the time Joshua spent at his father's in the past may be relevant in deciding the contemplated nature and extent of Joshua's stays, the measure is not necessarily the proportion of the time spent with his father in the past.

Our purpose in review is two-fold. First, there is more than sufficient recorded information provided by the parties upon which to conclude that the child was indeed a resident of his father's household, requiring this insurer to provide coverage. The parties themselves, in their cross-motions for summary judgment, have tacitly agreed that there exist no genuine issues of material fact and that the matter could be resolved by reference to the policy of insurance and the deposition testimony of the parties. That record satisfies the criteria enunciated in *Firemen's Ins. Co. of Newark v. Viktora*, 318 N.W.2d 704, 706 (Minn.1982) (quoting *Pamperin v. Milwaukee Mut. Ins. Co.*, 55 Wis.2d 27, 37, 197 N.W.2d 783, 789 (1972)). The nature and extent of Joshua's routine inclusion in his father's household, together with the continued provision of space for those routine visits demonstrates that parents and child considered the child a resident of his father's household as well as his mother's household. Although it is possible to have only one domicile, it is possible for insurance purposes to be a resident of more than one household and the undisputed

facts here, as set out in the record and detailed in the decision of the court of appeals, clearly support the legal conclusion that Joshua was a resident of his father's household within the definition of "insured" under the uninsured and underinsured coverage of the father's automobile policy.

We then find it necessary to comment that the court of appeals has, in our view, injected a prospective inquiry of the parties' intention into these proceedings by, first, concluding, despite the parties' own apparent agreement as to the state of the record, that there exist genuine issues of material fact and, then, defining the trial court's inquiry on remand as exploring a prospective view of the parents' intentions with regard to any custodial arrangement or continued relationship between the father and son. Not only should that prospective inquiry be irrelevant, but here, there is sufficient historical data from which one can only conclude that the father's continual maintenance of a relationship with his child and the provision in whatever home he occupied for the child's inclusion is dispositive of the residency criterion.

We therefore modify the decision of the court of appeals and remand to the trial court with instructions that it direct the entry of a summary judgment declaring that Joshua Thiem was a resident of the household of Joel Robert Thiem, the named insured and that Joshua was, therefore, an insured under the uninsured and underinsured motorist coverage of the American Family automobile insurance policy.

Affirmed in part, reversed in part, and remanded with instructions.