**AMCO INSURANCE COMPANY,**
Appellee,

v.

**Steve ROSSMAN, Appellant.**

No. 93–972.

Supreme Court of Iowa.

June 22, 1994.

William H. Roemerman of Crawford, Sullivan, Read, Roemerman & Brady, P.C., Cedar Rapids, for appellant.

Kirke C. Quinn of Courter, Quinn, Doran & Anderson, Boone, for appellee.

Considered by HARRIS, P.J., and LARSON, NEUMAN, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The question in the present case is whether the plaintiff, Steve Rossman, was a "resident" of his sister's home for purposes of coverage by the defendant, AMCO Insurance Company, for damage to personal property caused by fire at the home. Rossman argues that he was a "resident" within the terms of the insurance policy, while AMCO contends

he was not. We find that Rossman did not qualify as a "resident" for purposes of insurance coverage, and we affirm the judgment of the district court.

AMCO Insurance Company issued a homeowner's insurance policy to Steven and Marie Atkinson. The policy period was October 10, 1990, to October 10, 1991. The policy provided, among other things, coverage for losses caused by fire. Persons covered by the policy included the Atkinsons and any relative of either of them if the relative was a resident of their household.

In May 1991, a fire occurred at the home of Richard and Darlene Rossman. At the time of the fire, Steve Rossman had been residing with his parents intermittently since 1985, and on a permanent basis since 1990. Because the fire made the home uninhabitable, Richard and Darlene moved into a trailer. Steve, however, moved in with his sister, Marie Atkinson. Steve took with him all of his clothing and personal effects except for some furniture that was in storage.

While at his sister's home, Steve occasionally ate meals with the family. He generally had complete access to and from the house. Steve did not help with the mortgage on the property, but did do minor repairs and would baby-sit the Atkinsons' children. Steve also maintained his own post office box for a mailing address.

On July 26, 1991, fire severely damaged the Atkinson home. Marie and the children moved to the Rossmans' home. Steve moved back into his parents' home a few days later, but soon thereafter bought his own home.

Steve sought to recover for damage to his clothes and personal effects by filing a claim with AMCO. AMCO denied coverage on the basis that Steve was not a "resident" of his sister's household for purposes of insurance coverage. AMCO subsequently brought a declaratory judgment action against Steve to establish that it did not provide him with coverage. The trial court's instructions left it to the jury to decide whether Steve was a "resident" under the policy. The factors in that determination are challenged in this appeal.

■ An appeal from a declaratory judgment action is reviewed as any other judgment. *In re Mount Pleasant Bank & Trust*, 426 N.W.2d 126, 129 (Iowa 1988). Because the present case was tried as a law action, our scope of review is for the correction of errors at law. Iowa R.App.P. 4.

We have not previously been called upon to construe the meaning of the word "resident" as that word is used in the definition of "insured" in an insurance policy. Construction of an insurance policy is a question of law for the courts. *A.Y. McDonald Indus. v. INA*, 475 N.W.2d 607, 618 (Iowa 1991). Interpretation, the process of determining the meaning of words used, is also a question of law for the court unless it depends on extrinsic evidence or a choice among reasonable inferences to be drawn. *Farm Bureau Mut. Ins. v. Sandbulte*, 302 N.W.2d 104, 107–08 (Iowa 1981).

■ The AMCO policies owned by the Atkinsons list as "insured" the named insured and relatives who are residents in the named insured's household but do not define the term "resident." When words are left undefined in a policy, we do not give them a technical meaning. Rather, we give them their ordinary meaning, one that a reasonable person would understand them to mean. *Farm & City Ins. v. Potter*, 330 N.W.2d 263, 265 (Iowa 1983). When the meaning of terms in an insurance policy is susceptible to two interpretations, the one favoring the insured is adopted. *North Star Mut. Ins. v. Holty*, 402 N.W.2d 452, 454 (Iowa 1987). However, the fact that parties disagree on the meaning of a term, standing alone, does not establish ambiguity. *Id.*

Although there are no Iowa cases addressing the issue, authorities from other jurisdictions are instructive. The seminal case is *Pamperin v. Milwaukee Mutual Insurance*, 55 Wis.2d 27, 197 N.W.2d 783 (1972). In *Pamperin*, a twenty-year-old student, who lived with her mother, moved into her uncle's home to care for her elderly grandmother. *Id.* at 31–32, 197 N.W.2d at 786. No restrictions were placed on her use of the household, however, she kept few possessions there. *Id.* Nine days after she moved into the home she was injured in a car accident

after colliding with a motorcycle. *Id.* The driver of the motorcycle subsequently filed an action for damages stemming from the accident, suing both the girl's mother's insurance carrier and Milwaukee Mutual, her uncle's insurer. *Id.* 197 N.W.2d at 785. Under the terms of the insurance policy, Milwaukee Mutual agreed to insure against liability incurred while nonowned automobiles were being operated by the named insured or by a relative of the named insured who was a resident of the same household. *Id.*

In holding that the plaintiff was not covered by Milwaukee Mutual, the court, citing to *National Farmers Union Property & Casualty v. Maca,* 26 Wis.2d 399, 407–08, 132 N.W.2d 517, 521 (1965), held that "one is not a resident of the household or member of the family if, even though he has no other place of abode, he comes under the family roof for a definite short period or for an indefinite period under such circumstances that an early termination is highly probable." The *Pamperin* court formulated a three-part test for determining whether a person is a resident or member of a household: (1) whether the person is living under the same roof; (2) whether there is a close, intimate and informal relationship; and (3) whether the intended duration of the stay is likely to be substantial if it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship in contracting about such matters as insurance or in their conduct and reliance thereon. 55 Wis.2d at 37, 197 N.W.2d at 788. The court went on to hold that the terms "resident" and "household" as used in insurance policies are not ambiguous. *Id.*

Numerous other jurisdictions have either adopted the analysis enunciated in *Pamperin* or developed their own parallel standard. *See Jacobs v. Fire Ins. Exch.,* 227 Cal.App.3d 584, 278 Cal.Rptr. 52 (1991); *State Farm Fire & Casualty v. Blasband,* 534 So.2d 901 (Fla.App.1988); *AID Ins. Co. v. Armstrong,* 119 Idaho 897, 811 P.2d 507 (App.1991); *Cincinnati Ins. v. Argubright,* 151 Ill.App.3d 324, 104 Ill.Dec. 371, 502 N.E.2d 868 (1986); *Allstate Ins. v. Neumann,* 435 N.E.2d 591 (Ind.App.1982); *Old Reliable Ins. v. Brown,* 558 S.W.2d 190 (Ky.App.1977); *State Farm Fire & Casualty v. Short,* 448 N.W.2d 560 (Minn.App.1989); *AMCO Ins. Co. v. Norton,* 243 Neb. 444, 500 N.W.2d 542 (1993); *Farmers Ins. v. Stout,* 82 Or.App. 589, 728 P.2d 937 (1986), *rev. den.* 302 Or. 657, 733 P.2d 1381 (1987).

■ Turning to the challenged instruction, the district court, in its Instruction No. 9, stated to the jury that, in determining whether or not Steve was a resident of his sister's house, it should consider whether he was living under the same roof, whether the relationship between Steve and his sister was close and intimate, and whether the intended duration of his stay was likely to be substantial. The district court also instructed the jury to consider age, separate residence, self-sufficiency, and frequency of stay as factors to consider in determining whether Steve was a "resident." Steve argues the district court should have submitted his own requested Instruction No. 9, which provided that a residence is established by the act of dwelling in a place for some time and that a residence could be either temporary or permanent.

■ We believe the district court correctly instructed the jury on what factors to consider when determining whether Rossman was a "resident." It is clear from our examination of other jurisdictions that no one single factor controls. The term "resident" is not susceptible to one overriding definition. We believe the policies supporting *Pamperin* and its progeny are sound and that the district court correctly applied the criteria set forth in that line of cases.

We have examined all other issues raised by Rossman and find they have no merit. We affirm the judgment of the district court.

**AFFIRMED.**