Carla C. **LOTT**, Respondent,

v.

**STATE FARM FIRE & CASUALTY COMPANY, a foreign corporation, Appellant.**

No. C6–94–1759.

Court of Appeals of Minnesota.

Feb. 7, 1995.

Review Granted April 6, 1995.

Steven E. McCullough, Ohnstad Twichell, P.C., West Fargo, ND, for respondent.

Steven J. Cahill, Cahill & Marquart, P.A., Moorhead, for appellant.

Considered and decided by DAVIES, P.J., HUSPENI and FOLEY,* JJ.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

DAVIES, Judge.

Insurer challenges summary judgment, arguing that cabin owner's son is not an "insured" under the policy. We disagree and affirm.

## FACTS

On Labor Day weekend in 1990, respondent Carla Lott was vacationing with Scott Roesler at a cabin on Tamarac Lake in Otter Tail County. The cabin was owned by Roesler's mother, his two uncles, and his aunt. Lott broke her ankle when Roesler threw her from the dock into the lake. Lott sued Roesler for negligence and reckless misconduct.

Because he did not have liability coverage through homeowner's or renter's insurance of his own, Roesler tendered the defense to appellant State Farm Fire & Casualty, which had issued a "homeowner's" insurance policy on the cabin, with Roesler's mother as the only named insured.

State Farm denied coverage on the ground that Roesler was not an "insured" under the policy. Roesler assigned to Lott his rights against State Farm under the policy and she initiated this declaratory judgment action to determine coverage. The parties brought cross-motions for summary judgment, and the district court held that Roesler was an insured under the policy. State Farm appeals.

## ISSUES

I. When defining "insured" in a liability insurance policy covering a seasonal cabin, does the undefined term "household" refer to the named insured's primary domicile or to the insured premises?

II. On these undisputed facts, is the cabin owner's son a "resident" of the seasonal cabin for purposes of liability insurance?

## ANALYSIS

On established facts, "[i]nsurance coverage issues are questions of law for the court." *State Farm Ins. v. Seefeld,* 481 N.W.2d 62, 64 (Minn.1992).

This case presents a novel issue that may affect a significant number of owners of Minnesota cabins. The question is whether an insurance policy on a cabin covers the cabin-connected liability of a relative who is not a resident of the named insured's primary residence.[1] The problem arises because an insurance agent sold to a cabin owner a policy that was drafted (and is better-suited) to cover a year-round home rather than a seasonal vacation cabin. Because the facts surrounding the sale of the policy are not before us, we must rely primarily on the policy language.

The policy states, " 'Insured' means you [the named insured] and, if residents of your household * * * your relatives." This seems simple enough, but since "household" is not defined in the policy, we must decide whether "household" means the primary home of the named insured or the cabin, the *only property referenced in the policy.* If it means Roesler's mother's residence (in Fargo, North Dakota), then Roesler's uncles and aunt (co-owners of the cabin) and Roesler are excluded from coverage because they are not residents of that household. They would be excluded even though Roesler and his relatives made an annual contribution to a fund for maintaining and operating the cabin and the insurance was paid for from this fund.

### I. Which "Household"?

■ Holding that "your household" refers to the mother's primary home in Fargo would be consistent with the theory that a household is primarily defined by a relationship rather than a building. *See, e.g., Firemen's Ins. Co. v. Viktora,* 318 N.W.2d 704, 707 (Minn.1982) (family living under same roof is the common and ordinary meaning of "household" in insurance policies). Under this definition, as State Farm asserts, the

---

1. Case law is not helpful. The only potentially relevant Minnesota case is *United Fire & Casualty v. Bruggeman,* 505 N.W.2d 87 (Minn.App. 1993), *pet. for rev. denied* (Minn. Oct. 19, 1993). But the holding in *Bruggeman* is specifically lim- ited to "the subrogation context." *Id.* at 89. Likewise, the only case outside Minnesota is distinguishable. *See Continental Ins. v. Bottomly,* 250 Mont. 66, 817 P.2d 1162, 1165 (1991) (also involving insurance subrogation).

family relationship would include neither Roesler, who has his own apartment in Fargo, nor his uncles and aunt.

Alternatively, "household" could refer to the cabin because it is the "insured premises." This alternative is appealing because the policy here does not even mention the mother's Fargo home, and because the determinative factor for liability coverage should not turn on residency apart from the insured premises.

State Farm argues that there is no "family" that "dwells together" at seasonal cabins, where the "family" occupants vary from weekend to weekend, and season to season. State Farm suggests such a family, if recognized, might include any relative who is a guest at a cabin; insurers would then be exposed to entirely unanticipated liabilities.

State Farm is not entirely blameless here. State Farm's agent could have more appropriately sold either a policy that defined "household" or an "add-on" endorsement to the policy that already covered Roesler's mother's Fargo home. Instead, the agent sold a one-size-fits-all homeowner's policy. Although State Farm certainly collected premiums for ordinary liability coverage, State Farm's attorney conceded at oral argument that no one would obtain anything but excess liability coverage if the policy is read as State Farm urges. We therefore hold that, under the facts presented, the cabin is the relevant "household" for determining who is an insured; the alternative—that Roesler's mother's Fargo home is the relevant "household"—would provide illusory liability coverage.

Furthermore, when a policy is ambiguous, the ambiguity is to be construed in favor of the insured. *Neuman v. State Farm Mut. Auto. Ins.*, 492 N.W.2d 530, 533 (Minn.1992). Here, the policy is ambiguous as to whether "your household" refers to the named insured's primary domicile or to the cabin.

## II. Is Roesler a "Resident" of the Cabin?

The trial court found that, on the undisputed facts, Roesler was a "resident" of the cabin. We therefore review the trial court's holding as applied to the facts presented. *See State Fund Mut. Ins. v. Enebo*, 458 N.W.2d 161, 162 (Minn.App.1990) (affirming summary judgment where facts undisputed), *pet. for rev. denied* (Minn. Sept. 20, 1990).

The district court determined that Roesler was a resident of the cabin based on the three-pronged test of *Viktora*, 318 N.W.2d at 706 (adopting the test of *Pamperin v. Milwaukee Mut. Ins.*, 55 Wis.2d 27, 197 N.W.2d 783 (1972)). This test evaluates whether the individual was:

"(1) Living under the same roof; (2) in a close, intimate and informal relationship; and (3) where the intended duration is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship ' * * * in contracting about such matters as insurance or in their conduct in reliance thereon.'"

*Id.* (quoting *Pamperin*, 197 N.W.2d at 788).

State Farm generally argues that Roesler could not be a resident of the cabin because he: (1) stayed in his camper (rather than under the same roof) when others occupied the cabin; and (2) "was but one of many members of an extended family who, from time to time, spent a weekend or a week vacation at the lake cabin."

The trial court found that

[t]here was no formal, structured arrangement among the relatives as to who would be using, and when, the cabin. Scott estimated that he spent approximately ten weekends per season at the lake cabin and one full vacation week. On the weekends, Scott's parents were often there, as was his grandmother and his brother. When he took his week of vacation to spend at the cabin, he usually had the cabin to himself and slept in his parents' bedroom, one of the three bedrooms in the cabin. On some weekends, he would sleep in his pick-up camper which was parked on the premises, if the bedrooms in the cabin were being occupied by his parents, his brother and his grandmother. The weekend of this incident in September 1990 was Labor Day weekend and his parents, his

brother and his grandmother were at the cabin and he slept in his pick-up camper.

We agree with the trial court that on the undisputed facts Roesler was a "resident." As the trial court found, although Roesler did not always *sleep* under the same roof, he lived on the property (and under the same roof when space was available). The facts indicate a close, intimate, and informal relationship among the family members; its duration has been long-term, though intermittent; and the individuals looked to the relationship when contracting for insurance, as evidenced by the contributions made for its purchase.

## DECISION

Summary judgment was proper where, on these specific facts, the policy on the seasonal cabin is ambiguous as to which "household" is to be used to define who is an "insured," and where the undisputed facts indicate the insured's son is a regular resident of the cabin.

**Affirmed.**