DOERN, Plaintiff and Respondent, v. CRAWFORD and others, Defendants: SOLVESON and another, Defendants and Respondents: AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant and Appellant.

*February 2—March 1, 1966.*

208

For the plaintiff-respondent there was a brief by *Johnson & Johnson* and *Eugene N. Johnson,* all of Waukesha, and oral argument by *Eugene N. Johnson.*

For the defendants-respondents there was a brief by *Lowry, Hunter & Tikalsky,* attorneys, and *Russell Greb* of counsel, and oral argument by *James L. Steimel,* all of Waukesha.

CURRIE, C. J. American Family's policy issued to Paulson contains the following provisions with respect to the liability coverage under Part I of the policy:

"The following are insureds under Part I:
"(a) With respect to the owned automobile,
"(1) the named insured and any resident of the same household,
"(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;
"(b) With respect to a non-owned automobile,
"(1) the named insured,
"(2) any relative, but only with respect to a private passenger automobile or trailer not regularly furnished for the use of such relative; . . ."

The following are the policy definitions of the words "named insured" and "relative" as used in the above-quoted policy provisions:

" 'named insured' means the individual named in Item 1 of the declarations and also includes his spouse, if a resident of the same household;
" 'relative' means a relative of the named insured who is a resident of the same household; . . ."

We deem the sole issue on this appeal to be: Is the question, of whether defendant Crawford was a "relative" of the named insured residing in the same household on the date when the accident occurred within the meaning of the policy, one which can be determined by summary judgment?

We find it unnecessary to determine whether the word "relative" as used in the nonowned vehicle coverage provisions of the policy is restricted to blood relatives, thereby excluding a stepson such as Crawford. This is because Mrs. Paulson is included as a "named insured" if she resided in the same household with Paulson on the date of the accident, and Crawford is her blood relative. Thus the crucial question is whether Paulson on the date of the accident was residing in the same household with his wife and stepson.

This court has dealt with this question of who are members of the same household in cases involving insurance coverage in *Raymond v. Century Indemnity Co.*,[1] *Lontkowski v. Ignarski*,[2] and *National Farmers Union Property & Casualty Co. v. Maca*.[3]

The issue in *Raymond* was whether the person operating an automobile insured by defendant insurance company at time of accident was driving it "with the permission of an adult member of such assured's household." The insurance policy had been issued to a Mrs. Hasseler. She had a twenty-two-year-old son who was in the armed forces stationed at Camp McCoy. It was he who had granted permission to drive the insured vehicle to the person operating it at the time of accident. The son had lived with his mother at Green Bay prior to his entering the army. This court held that the son's absence in the army did not destroy his status as an adult member of his mother's household.[4]

---

[1] (1953), 264 Wis. 429, 59 N. W. (2d) 459.

[2] (1959), 6 Wis. (2d) 561, 95 N. W. (2d) 230.

[3] (1965), 26 Wis. (2d) 399, 132 N. W. (2d) 517.

[4] In accord are *American Universal Ins. Co. v. Thompson* (1963), 62 Wash. (2d) 595, 384 Pac. (2d) 367; *Appleton v. Merchants Mut. Ins. Co.* (1962), 16 App. Div. (2d) 361, 228 N. Y. Supp. (2d) 442; *Detroit Automobile Inter-Insurance Exchange v. Feys* (D. C. Cal. 1962), 205 Fed. Supp. 42. See Anno. Who is "relative" or "member" or "resident" of same family or household, within liability insurance provision defining additional insureds, 78 A. L. R. (2d) 1404, 1407.

The policy of automobile liability insurance before the court in *Lontkowski* excluded coverage with respect to any car "furnished for regular use to the named insured or a member of his household. . . ." At the time of accident the named insured was not driving the insured vehicle but a car loaned him by his brother. Both brothers were adults residing in the home of their parents. This court, in affirming the trial court's finding that both were residents of the same household, stated:

" 'Household' is defined by Webster as 'those who dwell under the same roof and compose a family.' That definition corresponds with the common and approved usage of the term and is supported by judicial authority. 'Persons who dwell together as a family constitute a "household." ' *Arthur v. Morgan* (1884), 112 U. S. 495, 499, 5 Sup. Ct. 241, 243, 28 L. Ed. 825.

"On the evidence in the present record the trial court could properly find that the young men, Donald and Joseph, were dwelling with their parents as a family under one roof, and hence were members of the same household." [5]

The policy of insurance in *National Farmers Property & Casualty Co. v. Maca* [6] was a liability policy that covered farm accidents subject to the exclusion that coverage was not extended to bodily injury to the named insured and his spouse and "the relatives of either . . . if such . . . relative is a resident of the household of the named insured . . . ." The thirty-two-year-old son was injured while doing farmwork on his father's home approximately five months after he had come to live with his parents. He had accepted a job which he could have retained on a permanent basis, but claimed he was only living with his parents until he could find a better job. This court affirmed the trial court's granting of a summary judgment on the basis that the son was a member of the father's household as a matter of

---

[5] *Lontkowski v. Ignarski, supra,* footnote 2, at page 565.
[6] *Supra,* footnote 3.

law within the wording of the policy. The opinion declared:

"We think that one is not a resident of the household or member of the family if, even though he has no other place of abode, he comes under the family roof for a definite short period or for an indefinite period under such circumstances that an early termination is highly probable. If, however, the circumstances of his stay are otherwise consistent with a family or household relationship, and his stay is likely to be of substantial duration, the fact that he attempts to find employment, gaining which he would live elsewhere, would not, in our opinion, prevent his being a resident of the household or a member of the family."[7]

The holdings of these three cases demonstrate that the controlling test of whether persons are members of a household at a particular time is not solely whether they are then residing together under one roof. Living together under one roof is a factor to be considered and must have occurred at some time. When not occurring at the time in question, the absence from the family roof must be of a temporary nature with intent on the part of the absent person to return thereto. There is a close analogy between the concepts of household and domicile because intent of the person involved plays such a significant part. The one material difference between the two is that a domicile once acquired is not lost when a person leaves it, even though intending never to return, until he establishes a domicile elsewhere.[8] We determine that this is not true with respect to a household, and, therefore, physical absence coupled with intent not to return is sufficient to sever the absent person's membership in the household. Every person has a domicile but not every person is a member of a household.

[7] *National Farmers Union Property & Casualty Co. v. Maca, supra,* footnote 3, at page 408.

[8] See *Eau Claire County v. Milwaukee County* (1964), 24 Wis. (2d) 292, 296, 128 N. W. (2d) 666.

Whether the absence from the household is of long or short duration is immaterial except as it may give rise to an inference of intent to remain away permanently or only temporarily. In the instant situation the fact that Paulson later discontinued the divorce action and returned to the household of his wife and stepson is not conclusive on the issue of whether his absence therefrom at time of accident was intended by him to be permanent or temporary; nor is the statement contained in his affidavit, that he left the family household with intent not to return, conclusive on this issue.

We conclude that upon this record the issue of Paulson's intent is not one that properly can be decided on a motion for summary judgment. Credibility of a person with respect to his subjective intent does not lend itself to be determined by affidavit. Therefore, the trial court properly denied American Family's motion for summary judgment in its favor and dismissed the subsequent application for reconsideration. However, it was error to order summary judgment for plaintiff and the cross complainants, and to enter the interlocutory judgment adjudging the coverage issue with respect to American Family's policy.

*By the Court.*—The orders of February 8, 1965, and May 25, 1965, are affirmed, and the order of June 14, 1965, and the interlocutory judgment are reversed. Appellant shall be entitled to tax costs on this appeal.