**572**

Michael DAMORE, Plaintiff-Appellant,

v.

WINNEBAGO PARK ASSOCIATION; General Casualty Co. of Wisconsin; John F. Damore; Barbara Damore; American Family Mutual Insurance Co.; Fireman's Fund Insurance Co. of Wisconsin; Time Insurance Co.; Wisconsin Physician's Service Insurance Corp.; and Waukesha County, Defendants–Appellees.

No. 88-1741.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 7, 1989.

Decided June 1, 1989.

Wayne M. Yankala, Mark J. Mingo, Simarski & Stack, Ltd., Milwaukee, Wis., for defendants-appellees.

Timothy J. Aiken, Susan Rosenberg, Aiken & Mawicke, Milwaukee, Wis., for plaintiff-appellant.

Before FLAUM, RIPPLE and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

This is a diversity action involving the construction of an exclusion clause in a homeowner's insurance policy. The district court granted summary judgment to the insurance company, holding that the personal liability section of the policy did not provide coverage to the named insureds for bodily injuries sustained by the their son. We affirm.

I.

American Family Mutual Insurance Co. ("American Family") issued two homeowner's policies to John and Barbara Damore (the "named insureds"), one insuring the couple's summer cottage on Lake Winnebago, Wisconsin, and the other insuring the couple's primary residence in Brookfield, Wisconsin. Under the liability sections of both policies, American Family agreed "to pay, up to our limit of liability, all sums for which any insured is legally liable because of bodily injury or property damage covered by this policy." The policies defined the term "insured" as follows:

> Insured means you and your relatives if residents of your household. It also means any other person under the age of 21 in your care or in the care of your resident relatives.

The policies contained an exclusion clause stating that the personal liability coverage did not apply to bodily injury sustained by:

> any insured, any relative of any insured who resides on the insured premises, or

any employee of any insured other than a domestic employee.

In the summer of 1983, the Damores' son, Michael, was injured in a diving accident at the Lake Winnebago cottage. Michael brought a negligence suit against his parents, American Family, and the other named defendants. American Family asserted that neither policy provided coverage for Michael's injuries because he was an insured under both policies. Michael and American Family each moved for summary judgment on the question of coverage. Michael conceded that he was a resident of his parents' Brookfield home and, thus, an insured under the Brookfield policy.[1] He argued, however, that he was not a resident of the "Lake Winnebago cottage household" and, therefore, not an insured under the Lake Winnebago policy. The district court granted summary judgment to American Family. Thereafter, John and Barbara Damore stipulated to a judgment being taken against them by their son in the amount of $100,000. Michael Damore now appeals the district court's grant of summary judgment to American Family, contending that his injuries are covered by the Lake Winnebago policy.

## II.

■ The insurance policy at issue in this case provides a type of coverage that is commonly found in homeowner's liability and automobile liability policies: coverage to the named insureds and their families for liability to third parties. Policies of this type often use expressions such as "residents of your household," "members of your household," or "members of your family" in the definition and/or exclusion sections of the policy. The purpose of such expressions is twofold. First, the expression may be used in the definition section of the policy in order to expand the meaning of the term "insured" to include family members whose liability the named insured would ordinarily want the policy to cover—e.g., spouse, children, or other persons in

the care of the named insured. *See National Farmers Union Property & Casualty Co. v. Maca,* 26 Wis.2d 399, 132 N.W. 2d 517, 520 (1965). Second, the expression may be used in the exclusion section of the policy in order to exempt the insurer from providing liability coverage to one family member for negligently causing injury to another family member. In such a situation, the negligent party " 'would be apt to be partial' " to the injured party. *National Farmers,* 132 N.W.2d at 520 (quoting *Tomlyanovich v. Tomlyanovich,* 239 Minn. 250, 58 N.W.2d 855 (1953)). "Thus, the exclusion protects insurers from situations where an insured might not completely cooperate and assist an insurance company's administration of the case." *A.G. By Waite v. Travelers Insurance Co.,* 112 Wis.2d 18, 331 N.W.2d 643, 645 (App.1983); *see also Swart v. Rural Mutual Insurance Co.,* 117 Wis.2d 478, 344 N.W.2d 719, 721 (App.1984).

The instant policy defines "insured" to include "residents of your household," with the word "your" referring to John and Barbara Damore. The policy excludes coverage for bodily injury sustained by "any insured." Thus, if Michael Damore was a resident of his parents' household on the date of the accident, he was an "insured" under the policy. As a result, he would be afforded liability coverage if he were to negligently cause injury to a third party, but any injuries sustained by him as a result of his parents' negligence would not be covered.

Wisconsin courts have long held that the expression "resident of the household" is an unambiguous phrase, capable of plain and common meaning, and that it is synonymous with the expressions "member of the household" and "member of the family." *See Quinlan v. Coombs,* 105 Wis.2d 330, 314 N.W.2d 125, 127–29 (App.1981) and cases cited therein. The Supreme Court of Wisconsin has explained the meaning of these expressions as follows:

---

**1.** It appears that even if Michael were not an insured under the Brookfield policy, that policy would provide no coverage for personal injury

liability arising out of the ownership of the Lake Winnebago cottage.

[T]hese expressions are used in all cases to describe a common-type of close relationship, varying greatly in detail, where people live together as a family in a closely-knit group, usually because of close relationship by blood, marriage or adoption and deal with each other intimately, informally, and not at arm's length. The intention of the members as to the duration of the relationship would seem to be important in only two respects. The intended duration should be sufficient so as not to be inconsistent with the intimacy of the relationship, and also long enough so that it is reasonable to expect the parties to take the relationship into consideration in contracting about such matters as insurance or in their conduct in reliance thereon.

*National Farmers*, 132 N.W.2d at 520–21. The Court has further explained:

[T]he controlling test of whether persons are members of a household at a particular time is not solely whether they are then residing together under one roof. Living together under one roof is a factor to be considered and must have occurred at some time. When not occurring at the time in question, the absence from the family roof must be of a temporary nature with intent on the part of the absent person to return thereto.

*Doern v. Crawford*, 30 Wis.2d 206, 140 N.W.2d 193, 196 (1966). Finally, the Court of Appeals of Wisconsin has stated that the phrase "resident of the household" is to be applied "on an objective basis derived from common experience rather than a subjective basis requiring redefinition with each changing fact situation." *Quinlan v. Coombs*, 105 Wis.2d 330, 314 N.W.2d 125, 128 (App.1981).

Applying this authority to the instant case, it becomes quite clear that Michael Damore was a resident (or member) of his parents' household at the time of the accident. At the time in question Michael was 19 years old and a typical college student. During the school year he lived in a college dormitory; during the summer months and breaks he lived with his parents at the Brookfield residence. Additionally, during the school year prior to the summer of 1983, Michael returned to his parents' home in Brookfield during the weekends to work part time. Michael did not pay rent to his parents, and he was financially supported by his father. Michael testified at his deposition that he considered himself to be a member of his "father's household" and a "part of the family."

Moreover, it is reasonable to assume that John and Barbara Damore considered their son to be a member of the family and would "take that relationship into consideration in contracting about such matters as insurance"—in particular, liability insurance under the Lake Winnebago cottage policy. *National Farmers*, 132 N.W.2d at 520–21. The Damores had owned the cottage since Michael was approximately eight years old. Over the years, Michael had "usually" accompanied his parents when they went to the cottage on weekends.[2] As Michael grew older, he occasionally stayed at the cottage by himself. It would be unreasonable to conclude that Michael's parents did not consider Michael to be a part of the family for purposes of obtaining liability insurance in connection with the summer cottage.

Accordingly, Michael Damore was an insured under the Lake Winnebago cottage policy and his parents are afforded no liability coverage for his injuries.[3]

## III.

We also wish to point out that on appeal Michael's attorney has made arguments that, in another case, might invoke sanc-

---

**2.** Appellant claims that Michael did not "usually" accompany his parents to the cottage on weekends. Appellant accuses appellee of mischaracterizing the record on this point. It is appellant who has mischaracterized the record. This court has checked Michael's deposition testimony. When Michael was asked whether he "went along with" his parents "most of the

times" they visited the cottage on weekends, he responded, "usually."

**3.** Because we find that Michael was a resident of the Damore household, we need not discuss the additional category of insureds—*i.e.*, "any other person under the age of 21 in your care."

tions. First, the appellant's argument is based on the false premise that the Damores maintained two separate and distinct households, one in Brookfield and one at Lake Winnebago. While conceding that Michael was a resident of the "Brookfield household," appellant presses the argument that because Michael did not *reside* at the Lake Winnebago cottage, he was therefore not a "resident of the Winnebago household." In support, appellant relies on cases involving divorced spouses and custody arrangements where there were, in fact, two separate households. That is obviously not the case here. The Winnebago cottage was a weekend retreat for the entire Damore family. While it is true that Michael did not "reside" on the Winnebago premises, neither did his parents. Appellant's attorney has argued the existence of a fictitious household which, applying appellant's own "residency requirement," would have *no* members. The argument is not well-grounded in fact, and the cases on which appellant relies are not even remotely analogous to the instant case.

Second, appellant has misstated Wisconsin law. Appellant first notes that under the language of the policy, Michael Damore's injuries would be excluded from coverage if (1) he was an insured by virtue of being a resident of the Damore ("Winnebago") household, (2) if he was an insured by virtue of being a person under the age of 21 in the care of John and Barbara Damore, or (3) if he was a relative who resided on the insured premises. With the exception of the word "Winnebago," this assessment of the policy language is correct. However, appellant goes on to assert that "Wisconsin courts have treated *these three exclusions as meaning the same thing and therefore, to be treated identically for insurance coverage purposes."* (emphasis in original). This statement is patently false. Appellant cites no authority supporting this proposition, nor could he, for no cases have suggested such an inter-

pretation. There are obvious differences between the three categories. Most obvious is the age requirement in the second category. It is also apparent that residency on the insured premises is a requirement only under the third category.[4] Rather, the appellant cites *National Farmers* which simply held that the expressions "resident of the household" and "member of the family" (phrases which relate only to the first category) are synonymous. Having collapsed the three categories of exclusion into one, appellant spins out a convoluted argument, concluding that Wisconsin law requires residency as part of the definition of "household." The argument is without merit, is contrary to Wisconsin case law which states that members of a family need not be residing under the same roof, *see, e.g., Doern v. Crawford*, 30 Wis.2d 206, 140 N.W.2d 193, 196 (1966), and ignores the express holding of the Supreme Court of Wisconsin, in *Raymond v. Century Indemnity Co.*, 264 Wis. 429, 59 N.W.2d 459 (1953), that an adult son was a member of his mother's household even though he was in the military and resided on a military base.

■ Finally, appellant argues that the phrase "resident of the household" is ambiguous and therefore must be construed against the insurer. This argument is contrary to settled Wisconsin law. In 1972, the Supreme Court of Wisconsin stated:

We also approve the previous determinations of this court that the terms "resident or member of the same household," as used in policies of automobile liability insurance, are not ambiguous and, therefore, should be construed in light of their plain and common meaning. It makes no difference whether the terms are employed to define exclusion or inclusion from coverage, or whether the question is one of creating or terminating the relationship.

*Pamperin v. Milwaukee Mutual Insurance Co.*, 55 Wis.2d 27, 197 N.W.2d 783

---

**4.** Appellant argues that the third category can include no persons who are not already included in the first category. That argument is meritless, and the distinction between the two categories is easily discernible. For example, if the

Damores permitted an uncle to live at the Lake Winnebago cottage, he would be a relative residing on the insured premises (category 3) but would not be a member of the Damore household (category 1).

(1972) (citations to previous cases omitted). In a more recent case, the appellants argued that because the phrase "residents of the same household" had never been construed in the context of the facts presented, it should be strictly construed against the insurer. The Court of Appeals of Wisconsin responded:

> We disagree with appellants' view regarding the proper breadth of *stare decisis* in insurance policy construction. The phrase "residents of the same household" has been ruled unambiguous by several supreme court decisions. We conclude that appellate courts are not bound to reexamine a determination of a phrase in an insurance policy with each differing fact situation. Rather, the "plain and common" meaning is a meaning which the particular language conveys to persons of usual and ordinary understanding. The supreme court has already stated that the term is capable of plain meaning without resort to further construction. By declaring the term "residents of the household" as being capable of a plain and common meaning, the supreme court, in essence, held that this term is easily definable to the normal speaker of English. Thus, the supreme court interpreted the phrase on an objective basis derived from common experience rather than a subjective basis requiring redefinition with each changing fact situation. When difficulty comes in applying the plain meaning of the phrase to a particular fact situation, an otherwise unambiguous provision is not made ambiguous simply because it is difficult to apply to the facts of a particular case.

*Quinlan v. Coombs*, 105 Wis.2d 330, 314 N.W.2d 125, 128 (App.1981). In *Quinlan*, the appellants had acknowledged the contrary supreme court authority but had argued that the facts of the case warranted a finding of ambiguity. Here, the appellant's attorney did not even acknowledge the relevant authority. Rather, appellant cited one intermediate New York court case finding the term "household" to be ambiguous and, at a later point in its brief, implied that Wisconsin law similarly holds the term to be ambiguous.

We are distressed to see such disingenuous arguments offered by an attorney within our jurisdiction.

### IV.

For the reasons stated herein, the judgment of the district court is AFFIRMED.