Robert N. ROSS, a minor by his Guardian Ad Litem, Keith Rodli and Robert J. Ross, Plaintiffs-Appellants,

v.

Tommy MARTINI a minor, Defendant,

FARMERS HOME GROUP INSURANCE COMPANY, Defendant-Respondent.†

Court of Appeals

*No. 96–0138. Submitted on briefs August 20, 1996.—Decided September 4, 1996.*

(Also reported in 555 N.W.2d 381.)

†Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Catherine R. Quiggle* of *Rodli, Beskar, Boles & Krueger, S.C.* of River Falls.

For the defendant-respondent the cause was submitted on the brief of *Patrick E. Mahoney* of *Mahoney, Dougherty and Mahoney, P.A.* of Minneapolis, Minnesota.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. This is an appeal from a summary judgment in favor of Farmers Home Group Insurance Company holding that as a matter of law Tommy Martini was not a resident of his father's household and, subsequently, is not covered by his father's homeowner's insurance policy. Because we hold that his father's on-going legal custody and intent to regain physical placement are sufficient to make Tommy Martini a resident of his father's household, we reverse and remand the judgment.

The facts in this case are undisputed. Tommy Martini's father, Thomas Martini, Sr., and mother, Sandra Hansen, were divorced in 1979. Originally, Hansen was awarded legal custody of Tommy. Within a year, however, Tommy went to live with his father in Minnesota and the court, with Hansen's agreement, transferred legal custody of Tommy to his father.

Tommy lived with his father until August 1992 when, after being disciplined, Tommy fled to his mother's house in Wisconsin. Martini sought to return Tommy to Minnesota. Alleging that he was a victim of abuse, Tommy sought and obtained a Wisconsin injunction prohibiting his father from having contact with him for one year. Tommy claims he intends to live with his mother permanently. Martini, however, claims he intends to regain physical placement at the end of the injunction. While living with his mother, Tommy Martini accidently shot another minor, Robert Ross. This incident forms the basis of Ross' negligence action against Tommy and his father's insurer. The father's insurance policy provides coverage to the insured and members of his household. The trial court granted summary judgment based on the conclusion that Tommy was not a member of his father's household.

Ross contends on appeal that the trial court erred in determining as a matter of law that Tommy Martini was not a resident of his father's household at the time of the shooting. We agree. Because the facts are undisputed and the issue involves the construction of an insurance policy, we review this claim as a question of law under a de novo standard of review. *Fidelity & Deposit Co. v. Verzal*, 121 Wis. 2d 517, 529, 361 N.W.2d 290, 295 (Ct. App. 1984).

The pertinent language from Martini's insurance policy defines "insured" as "residents of your household who are: a. your relatives; or b. other persons under the age of 21 and in the care of any person named above." The parties agree that Minnesota law governs the interpretation of this policy. Wisconsin and Minnesota are generally in agreement regarding the test to be

used in determining residency. *Fireman's Ins. Co. v. Viktora*, 318 N.W.2d 704 (Minn. 1982); *A.G. v. Travelers Ins. Co.*, 112 Wis. 2d 18, 331 N.W.2d 643 (Ct. App. 1983). The oft quoted test in determining residency depends on whether the person and the named insurer are:

> (1) Living under the same roof; (2) in a close, intimate and informal relationship; and (3) where the intended duration is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship ". . . in contracting about such matters as insurance or in their conduct in reliance thereon."

*Fireman's*, 318 N.W.2d at 706 (citations omitted). The determination of residency is fact specific to each case and requires a thorough examination of all relevant facts. *Schoer v. West Bend Mut. Ins. Co.*, 473 N.W.2d 73, 76 (Ct. App. Minn. 1991).

In this case, Tommy Martini had lived with his father for over twelve years. After claiming abuse by his father, Tommy obtained an injunction preventing contact by his father for one year. Although Tommy intended to live with his mother thereafter, his father, who continued to have legal custody, intended for Tommy to return to Minnesota to live with him. Ultimately, whether Tommy would return to live with his father in Minnesota is a question for the courts. As long as his father maintained sole legal custody, Tommy could be required to live with his father after the temporary injunction expired. For purposes of determining residency, Tommy's intention, as with

other non-minor children, is a factor to consider in determining residency but is not controlling. *Pamperin v. Milwaukee Mutual Ins. Co.*, 55 Wis. 2d 27, 34-35, 197 N.W.2d 783, 787-88 (1972). Because Tommy could not choose his residence, his intention as to where he would live is given little weight. Generally, residency and custody are inexorably linked.

Turning to the application of the three-prong analysis, the mere listing of the three factors "does not result in a mandatory threefold test." *Londre v. Continental Western Ins. Co.*, 117 Wis. 2d 54, 57-58, 343 N.W.2d 128, 131 (Ct. App. 1983). No single factor controls or determines whether a person is a resident of a household. *Id.*

Members of a household are not required to live under the same roof to be considered part of the same household. *Doern v. Crawford*, 30 Wis. 2d 206, 213, 140 N.W.2d 193, 196 (1966); *Schoer*, 473 N.W.2d at 76. It is also recognized that a person may be a resident of more than one household. *Londre*, 117 Wis. 2d at 58, 343 N.W.2d at 131. Therefore, simply because Tommy did not live under the same roof as his father at the time the claim arose is no bar to his being a resident of his father's household. The trial court placed great emphasis on the one-year injunction in granting summary judgment. The injunction was temporary and ran for only a year. This time period is not sufficient to rule as a matter of law that Tommy was not a resident of his father's household in light of the rule that residents do not have to live in the same house. *See Doern*, 30 Wis. 2d at 213, 140 N.W.2d at 196; *see also Schoer*, 473 N.W.2d at 75-76.

The record discloses that Tommy and his father had lived together for over twelve years and that this

relationship was important to each of them. It is apparent that this relationship was in a state of transition at the time of the shooting, but Tommy's father intended to maintain a substantial relationship with his son. In fact, Tommy visited with his father even before the one-year injunction had expired and has subsequently spent additional time at his father's residence.

After considering all the factors in the record, this court concludes that Tommy Martini was, as a matter of law, a resident of both his mother's and father's households. At the time of the incident, Martini still had legal custody of Tommy and was intending that Tommy return to live with him. This court concludes that legal custody, coupled with a parent's intent to continue a long established living situation with the minor, to be sufficient to establish residency in a household in this case, even though the child may be temporarily absent from the household. Because this court concludes that Tommy was a resident in his father's household, the judgment is reversed and remanded.

*By the Court.*—Judgment reversed and cause remanded.