TRI-TECH CORPORATION OF AMERICA, Plaintiff-Respondent,

v.

AMERICOMP SERVICES, INC., Defendant,

James SCHMIDT, Defendant-Appellant-Petitioner.

Supreme Court

No. 00–3195. *Oral argument February 5, 2002.—Decided July 3, 2002.*

2002 WI 88

(Also reported in 646 N.W.2d 822.)

For the defendant-appellant-petitioner there were briefs by *Dayten P. Hanson,* Milwaukee, and oral argument by *Dayten P. Hanson.*

For the plaintiff-respondent there was a brief by *Robert J. Welcenbach, Michael J. Widmann* and *Welcenbach & Widmann,* Milwaukee, and oral argument by *Robert J. Welcenbach.*

¶ 1. DIANE S. SYKES, J. The issue in this case is whether the treble damages remedy of Wis. Stat. § 895.80 (1999–2000)[1] is available for civil theft by contractor under Wis. Stat. § 779.02(5), and if so, whether it requires proof of the elements of the criminal offense under Wis. Stat. § 943.20(1)(b), including criminal intent. We hold that it is, and it does.

---

[1] Unless otherwise noted, all further references to the Wisconsin Statutes will be to the 1999–2000 version of the statutes.

---

¶ 2. By its terms, Wis. Stat. § 779.02(5) makes misappropriation of contractor trust funds punishable as a theft under Wis. Stat. § 943.20. Wisconsin Statute § 895.80, which provides a civil treble damages remedy to victims of certain intentional property crimes, includes Wis. Stat. § 943.20 as one of the predicate criminal offenses for which the remedy is available. The elements of criminal theft by contractor under Wis. Stat. §§ 943.20(1)(b) and 779.02(5) include specific criminal intent, to-wit, that the defendant knowingly retained possession of or used contractor trust funds without the owner's consent, contrary to his authority, and with intent to convert such funds for his own use or the use of another.

¶ 3. Here, the circuit court granted summary judgment awarding treble damages to the plaintiff, and the court of appeals affirmed. Because the plaintiff did not present prima facie evidence for summary judgment on the required elements of the cause of action, including specific criminal intent, we reverse.

I

¶ 4. In the fall of 1999, the defendant Americomp Services, Inc. was hired by The Frantz Group to install a computer network at The Frantz Group's offices in Mequon. Americomp in turn hired the plaintiff Tri-Tech Corporation of America to provide some of the necessary materials, supplies, and services for the job. The contract was performed, The Frantz Group paid Americomp, and Tri-Tech billed Americomp $27,807.95 for its work on the subcontract. Americomp did not pay Tri-Tech's invoice, and Tri-Tech sued.

¶ 5. Americomp and James Schmidt, Americomp's president and sole shareholder, were named as defendants. They filed an answer admitting that Tri-Tech had provided materials, supplies, and

services for The Frantz Group computer network installation in the sum of $27,807.95. They also admitted receipt and nonpayment of Tri-Tech's invoice, although they denied the allegations in the complaint regarding demand for and refusal of payment, as well as the specific allegations regarding Tri-Tech's theft by contractor treble damages cause of action.

¶ 6. Tri-Tech moved for summary judgment, initially against Americomp only. Americomp and Schmidt then filed an amended answer claiming a set off in the amount of $5,700.71. The summary judgment motion was scheduled to be heard on June 19, 2000. Three days before the hearing, on June 16, 2000, Americomp effectuated mail service of a brief in opposition to the motion, together with an affidavit from Schmidt.[2] In the affidavit, Schmidt stated that The Frantz Group did not own the property where the computer network installation had been performed. He also stated that the work did not constitute an "improvement" to the property, and denied that Americomp was a "prime contractor" within the meaning of the statute.

¶ 7. The circuit court granted summary judgment against Americomp on its contract liability, in the amount of $22,107.24, which took into account the set off. Tri-Tech reserved its claims against Schmidt personally.

¶ 8. A few weeks after summary judgment on the contract claim was granted, Tri-Tech moved for summary judgment against Schmidt, seeking the treble damages remedy under Wis. Stat. § 895.80 in the

---

[2] This was late under Wis. Stat. § 802.08(2), which requires affidavits in opposition to summary judgment to be served at least five days before the hearing.

amount of $83,423.85.[3] In support of the motion, Tri-Tech submitted Schmidt's answers to interrogatories, in which Schmidt again denied that the money paid to Americomp by The Frantz Group was for "improvements," and also stated that The Frantz Group did not own the property where the work was performed. However, among Schmidt's interrogatory answers was the following:

> The money received from The Frantz Group was placed into the business manager account at Port Washington State Bank. Port Washington Statement [sic] Bank had an assignment of that receivable, and it also has a general business security agreement encumbering all of the assets of AmeriComp, including the accounts receivable.

¶ 9. Schmidt did not serve or submit any new affidavits, discovery materials or a brief in response to the summary judgment motion. He argued at the motion hearing that the treble damages cause of action under Wis. Stat. § 895.80 did not apply, because the statute does not list Wis. Stat. § 779.02, the civil theft by contractor statute, as one of the predicate offenses that would trigger a cause of action under the statute. Alternatively, he argued that the statute requires an intentional violation, and there was a factual dispute on the issue of intent. Finally, Schmidt argued that the work performed by Tri-Tech did not constitute an "improvement" as that term is defined in Chapter 779, because it did not provide a "permanent benefit" to the property.

¶ 10. The lawyers for both sides made cursory reference to the Schmidt affidavit filed on the earlier motion, but did not argue any factual matters contained

---

[3] The amount demanded constituted the original amount claimed by Tri-Tech—$27,807.95—trebled.

in the affidavit or otherwise base their arguments on it. Rather, both sides focused on the legal issue of whether a violation of the civil theft by contractor statute was eligible for the treble damages remedy in the first place, and whether the computer network cabling constituted a permanent improvement to property for purposes of Wis. Stat. § 779.02(5).

¶ 11. The Waukesha County Circuit Court, the Honorable J. Mac Davis, granted Tri-Tech's motion for summary judgment against Schmidt. The court concluded that the treble damages remedy of Wis. Stat. § 895.80 was available, because that statute specifically encompassed the criminal theft statute, Wis. Stat. § 943.20, which in turn was "cross-referenced" in the civil theft by contractor statute, Wis. Stat. § 779.02(5). The court also concluded that the computer network cabling was an "improvement" for purposes of Wis. Stat. § 779.02(5), because "the parties concede it's computer cabling, it's run into the building, complete absence of any contrary evidence, the only reasonable conclusion is that this is similar to electrical wiring or other wiring. . . ." Finally, the circuit court held that the "intentional requirement doesn't require an intention to commit a criminal act, just requires that the conduct be intentional." The court granted the summary judgment against Schmidt in the amount of $70,055.02.[4]

¶ 12. Schmidt appealed, reiterating the arguments he had made in the circuit court. He also argued, for the first time, that The Frantz Group was not a property "owner" within the meaning of Wis. Stat. § 779.02(5).

¶ 13. The court of appeals affirmed. The court first concluded that the issue of whether The Frantz

---

[4] The judgment is triple the damages of the original judgment against Americomp ($22,107.24), plus attorney's fees and costs ($3,311.00).

Group was a property "owner" had been waived. The court noted that Schmidt had not filed any affidavits in response to the summary judgment motion against him, and said he was not entitled to rely upon his earlier affidavit already in the record from the summary judgment motion against Americomp. *Tri-Tech Corp. of America v. Americomp Services, Inc.*, 2001 WI App 191, ¶ 14, 247 Wis. 2d 317, 633 N.W.2d 683. The court also invoked the waiver rule that disallows arguments raised for the first time on appeal. *Id.* at ¶ 13.

¶ 14. The court of appeals also held as a matter of law that computer network cabling constituted an improvement providing a permanent benefit to property within the meaning of Wis. Stat. §§ 779.01(2)(a) and 779.02(5). *Id.* at ¶ 19.

¶ 15. Finally, the court of appeals held that the treble damages remedy of Wis. Stat. § 895.80 was available for civil theft by contractor under Wis. Stat. § 779.02(5), because the latter statute makes violations punishable under the criminal theft statute, Wis. Stat. § 943.20, which in turn is specifically enumerated as one of the predicate offenses in the treble damages statute. *Id.* at ¶¶ 24–27. The court noted, however, that "there is a difference between criminal and civil theft by contractor. The difference is that the criminal statute requires wrongful intent and the civil statute does not." *Id.* at ¶ 27.

¶ 16. Accordingly, the court of appeals held that proof of criminal intent is required in a treble damages action under Wis. Stat. § 895.80, although only to the civil burden of proof. *Id.* at ¶¶ 27–29. In defining the criminal intent required, however, the court of appeals was not entirely consistent.

¶ 17. On the one hand, the court of appeals approved the circuit court's characterization of the intent element as requiring only proof of general intent:

"The trial court in our case put it nicely. It said that the 'intentional requirement doesn't require an intention to commit a criminal act, just requires that the conduct be intentional.' The trial court was correct." *Id.* at ¶ 32. On the other hand, the court of appeals cited the criminal intent definitions found in *State v. Blaisdell,* 85 Wis. 2d 172, 176, 270 N.W.2d 69 (1978), and *State v. Hess,* 99 Wis. 2d 22, 28, 298 N.W.2d 11 (Ct. App. 1980), both of which set forth a requirement of specific criminal intent, that is, proof that the defendant retained contractor trust funds without the owner's consent, contrary to his authority, and with intent to convert those funds to his own use or the use of another. *Id.* at ¶¶ 31–34.

¶ 18. In any event, the court of appeals held that Tri-Tech had established a prima facie case on criminal intent, because a refusal to deliver contractor trust funds on demand is prima facie evidence of criminal intent under Wis. Stat. § 943.20(1)(b). *Id.* at ¶¶ 35–36. Because Schmidt had not submitted any affidavits in response to the motion, the court of appeals concluded that he had failed to join issue on the criminal intent element, and affirmed the summary judgment against him. ¶¶ 37–38. We accepted review.

II

¶ 19. This case requires us to interpret Wis. Stat. §§ 895.80, 779.02 and 943.20, which is a question of law subject to de novo review. *Fuchsgruber v. Custom Accessories, Inc.,* 2001 WI 81, ¶ 10, 244 Wis. 2d 758, 628 N.W.2d 833. We must also decide whether summary judgment was appropriately granted, which we do independently, although benefiting from the lower courts' analyses. *Yanke v. Carson,* 2000 WI 74, ¶ 10, 236 Wis. 2d 257, 613 N.W.2d 102.

¶ 20. Wisconsin Statute § 895.80 was enacted in 1995 as part of the budget bill, and provides a treble damages remedy to victims of certain intentional property crimes, most of which involve some form of theft by fraud:

> Property damage or loss. (1) Any person who suffers damage or loss by reason of intentional conduct that occurs on or after November 1, 1995, and that is prohibited under s. 943.01, 943.20, 943.21, 943.24, 943.26, 943.34, 943.395, 943.41, 943.50, 943.61, or 943.76 . . . .
>
> (2) The burden of proof in a civil action under sub. (1) is with the person who suffers damage or loss to prove his or her case by a preponderance of the credible evidence.
>
> (3) If the plaintiff prevails in a civil action under sub. (1), he or she may recover all of the following:
>
> (a) Treble damages
>
> (b) All costs of investigation and litigation that were reasonably incurred.
>
> (4) A person may bring a civil action under sub. (1) regardless of whether there has been a criminal action related to the loss or damage under sub. (1) and regardless of the outcome of any such criminal action.

*See* 1995 Wis. Act 27, § 7223m.

▬▬▬

¶ 21. A statute creating a treble damages remedy is regarded as punitive rather than remedial, and is strictly construed. *John Mohr & Sons, Inc. v. Jahnke,* 55 Wis. 2d 402, 411, 198 N.W.2d 363 (1972). The legislature's adoption of the lowest civil burden of proof—"preponderance of the credible evidence"—is a departure from the common law rule that intentional

fraud cases are subject to the intermediate burden of "clear, satisfactory and convincing evidence." *See Carlson & Erickson Builders, Inc. v. Lampert Yards, Inc.,* 190 Wis. 2d 650, 529 N.W.2d 905 (1995); *Wangen v. Ford Motor Co.,* 97 Wis. 2d 260, 299, 294 N.W.2d 437 (1980); *Kuehn v. Kuehn,* 11 Wis. 2d 15, 30, 104 N.W.2d 138 (1960).

¶ 22. The statute lists only criminal offenses as the predicates for the treble damages remedy. The civil theft by contractor statute, Wis. Stat. § 779.02(5), is nowhere mentioned. However, as both the circuit court and court of appeals correctly noted, the civil theft by contractor statute provides that a misappropriation of contractor trust funds is punishable under the criminal theft statute, Wis. Stat. § 943.20, and criminal theft is one of the offenses enumerated in Wis. Stat. § 895.80.

¶ 23. The civil theft by contractor statute provides that funds paid by a property owner to a contractor for improvements to the property constitute a trust for the benefit of those having claims due and owing for labor or materials on the contract:

> (5) THEFT BY CONTRACTORS. The proceeds of any mortgage on land paid to any prime contractor or any subcontractor for improvements upon the mortgaged premises, and all moneys paid to any prime contractor or subcontractor by any owner for improvements, constitute a trust fund only in the hands of the prime contractor or subcontractor to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for labor and materials used for the improvements, until all the claims have been paid, and shall not be a trust fund in the hands of any other person. *The use of any such moneys by any prime contractor or subcontractor for any other purpose until all claims, except those which are the subject of a bona fide dispute and then only to the extent of the amount actually in dispute, have been paid in full or*

*proportionally in cases of a deficiency, is theft by the prime contractor or subcontractor of moneys so misappropriated and is punishable under s. 943.20.* If the prime contractor or sub-contractor is a corporation, such misappropriation also shall be deemed theft by any officers, directors or agents of the corporation responsible for the misappropriation.

Wis. Stat. § 779.02(5) (emphasis added).

¶ 24. This statutory language makes clear that a misuse of contractor trust funds can form the basis of a prosecution for criminal theft by contractor under Wis. Stat. § 943.20. Because Wis. Stat. § 943.20 is one of the offenses that qualifies for the treble damages remedy of Wis. Stat. § 895.80, we agree with the court of appeals' conclusion that treble damages are available for theft by contractor under Wis. Stat. § 779.02(5), provided, however, that the elements of both the civil *and* the criminal statutes are proven, albeit to the civil preponderance burden of proof. Stated differently, the basis of liability for criminal theft by contractor is a violation of the trust fund provisions of Wis. Stat. § 779.02(5), plus the criminal intent required by Wis. Stat. § 943.20(1)(b). *See State v. Wolter,* 85 Wis. 2d 353, 362–63, 270 N.W.2d 230 (Ct. App. 1978) (the criminal theft statute is the conduit through which the civil theft by contractor statute becomes operative criminally, and the difference between the two is criminal intent).

¶ 25. Wisconsin Statute § 943.20(1)(b) makes it a crime for a trustee to intentionally use, transfer, conceal, or retain trust funds without the beneficiary's consent, contrary to the trustee's authority, and with intent to convert such funds to the trustee's own use or the use of another:

> 943.20 Theft. (1) ACTS. Whoever does any of the following may be penalized as provided in sub. (3):

(b) By virtue of his or her office, business or employment, or as trustee or bailee, having possession or custody of money or of a negotiable security, instrument, paper or other negotiable writing of another, *intentionally uses, transfers, conceals, or retains possession of such money, security, instrument, paper or writing without the owner's consent, contrary to his or her authority, and with intent to convert to his or her own use or to the use of any other person except the owner. A refusal to deliver any money or a negotiable security, instrument, paper or other negotiable writing, which is in his or her possession or custody by virtue of his or her office, business or employment, or as trustee or bailee, upon demand of the person entitled to receive it, or as required by law, is prima facie evidence of an intent to convert to his or her own use* within the meaning of this paragraph. . . .

(3) PENALTIES. Whoever violates sub. (1):

. . . .

(c) If the value of the property exceeds $2,500, is guilty of a Class C felony.

Wis. Stat. § 943.20(1)(b) and (3)(c) (emphasis added).

██

¶ 26. The elements of the offense of criminal theft by contractor are: "(1) the defendant acted as a prime contractor; (2) the defendant received money for the improvement of land from the owner or a mortgagee; (3) *the defendant intentionally used the money for purposes other than the payment of bona fide claims for labor or materials prior to the payment of such claims;* (4) the use was without the owner or mortgagee's consent, and contrary to the defendant's authority; (5) the defendant knew the use was without consent and contrary to his authority; and (6) *the defendant used the money with the intent to convert it to his own use or the*

431

*use of another." Hess,* 99 Wis. 2d at 28 (emphasis added); *see also Blaisdell,* 85 Wis. 2d at 176.

¶ 27. Schmidt argues that summary judgment was improper because of material factual disputes on several of the required elements of the claim, including the element of criminal intent, the matter of The Frantz Group's ownership of the property in question, and the issue of whether the computer network cabling was an "improvement." We agree.

A. Intent.

■

¶ 28. The criminal offense requires intent to defraud, but intent is almost always proven circumstantially, and "may be inferred from a defendant's conduct." *Blaisdell,* 85 Wis. 2d at 179. Indeed, the statute itself sets forth one acceptable method of proof: a defendant's refusal to pay a claim upon demand to one entitled to be paid out of trust funds is prima facie evidence of the defendant's intent to convert the trust funds to his own use. Wis. Stat. § 943.20(1)(b).

■

¶ 29. However, while the intent element required for conviction of the criminal offense—and, more importantly here, for the treble damages remedy under Wis. Stat. § 895.80—may be inferred from circumstantial evidence, it is nevertheless a specific intent requirement, and it is the plaintiff's burden to prove it. Accordingly, the court of appeals' endorsement of the circuit court's legal conclusion that only general intent is required (the statute "just requires that the conduct be intentional") was clearly incorrect.

■

¶ 30. Indeed, it is specific criminal intent that makes the civil offense punishable criminally: "some additional element of culpability, whether it be denomi-

nated as wrongful, criminal, fraudulent, felonious, or wrongfully fraudulent, must be shown to sustain a criminal conviction for theft by contractor." *Hess*, 99 Wis. 2d at 28–29 (explaining the language in *Blaisdell* that intent to defraud is required for the criminal offense). Accordingly, to sustain a cause of action for treble damages under Wis. Stat. § 895.80 for theft by contractor under Wis. Stat. § 943.20, the plaintiff must prove, by a preponderance of the credible evidence, the elements of the criminal offense, including that the defendant knowingly retained, concealed, or used contractor trust funds without the owner's consent, contrary to his authority, and with intent to convert such funds to his own use or the use of another.[5]

¶ 31. Here, the answer and amended answer filed by Americomp and Schmidt specifically denied the allegations in the complaint pertaining to the treble damages cause of action, admitting only nonpayment of the invoice, for which summary judgment had earlier been granted against Americomp on its contract liability. Issue had therefore been joined, and it was Tri-Tech's obligation to demonstrate a prima facie case for summary judgment on all the elements of criminal theft by contractor—including the requisite specific criminal intent element—before the burden would shift to

---

[5] We note that the issue of intent is generally not readily susceptible of determination on summary judgment. "We have stated—'. . . the issue of . . . intent is not one that properly can be decided on a motion for summary judgment. Credibility of a person with respect to his subjective intent does not lend itself to be determined by affidavit.' " *Lecus v. American Mut. Ins. Co. of Boston,* 81 Wis. 2d 183, 190, 260 N.W.2d 241 (1977)(citing *Doern v. Crawford,* 30 Wis. 2d 206, 214, 140 N.W.2d 193(1966)); *see also Green Spring Farms v. Spring Green Farms Assoc. Ltd.,* 172 Wis. 2d 28, 41, 492 Wis. 2d 392 (Ct. App. 1992).

Schmidt on summary judgment. *See* Wis. Stat. § 802.08(2) and (3). More specifically, Tri-Tech was required to establish, by way of admissions, affidavits, or some other evidentiary material, that Schmidt knowingly retained or used contractor trust funds, contrary to his authority, and with intent to convert such funds to his own use or the use of another.

¶ 32. It did not do so. Instead, it relied entirely on the pleadings, in which Schmidt had denied the allegations in the treble damages cause of action; the earlier judgment on the contract claim against Americomp, which was insufficient by itself to establish liability for the criminal offense and therefore the treble damages claim; and Schmidt's interrogatory answers, which did not contain factual admissions sufficient to establish a prima facie case on criminal intent, even by way of the evidentiary method specifically approved in the statute, that is, proof of refusal to pay contractor funds on demand of one entitled to receive them. The interrogatories were silent as to demand and refusal to pay, and Tri-Tech did not submit any affidavits or any other evidentiary material in support of its summary judgment motion. That Schmidt's interrogatory answers admitted depositing the payment from The Frantz Group into a bank account encumbered by a security interest is insufficient by itself to establish a prima facie case of specific criminal intent.

¶ 33. Accordingly, the court of appeals should not have construed Schmidt's failure to submit an affidavit in response to the summary judgment motion as a failure to join issue. Schmidt *had* joined issue in his answer and amended answer, and because Tri-Tech failed to establish a prima facie case on the element of specific intent necessary to sustain the treble damages claim, summary judgment should not have been

granted. *See Jones v. Sears Roebuck & Co.,* 80 Wis. 2d 321, 326–27, 259 N.W.2d 70 (1977) (the failure of opponent of summary judgment to submit counter-affidavits does not entitle the movant to summary judgment if movant's submissions do not contain sufficient evidentiary facts to establish prima facie case); *see also Walter Kassuba, Inc. v. Bauch,* 38 Wis. 2d 648, 655–56, 158 N.W.2d 387 (1968) (when supporting evidence is based upon ultimate facts and not evidentiary facts, the plaintiff has not made out a case for summary judgment).

B. Ownership

¶ 34. Tri-Tech was also required to establish a prima facie case that The Frantz Group was an "owner" of property within the meaning of Wis. Stat. § 779.02(5). Wisconsin Statute § 779.01(2)(c) defines "owner" for purposes of the construction lien law as "the owner of any interest in land who, personally or through an agent, enters into a contract, express or implied, for the improvement of the land."

¶ 35. As noted above, Schmidt's answer and amended answer denied the allegations in the treble damages cause of action, and so issue was joined on all elements of the claim. Again as noted above, the only item of evidentiary value submitted by Tri-Tech in support of its motion for summary judgment against Schmidt was Schmidt's interrogatory answers, in which he specifically stated that "The Frantz Group does not own this said property." Schmidt's affidavit, submitted in opposition to the earlier summary judgment motion, also contained the same factual representation.

¶ 36. The court of appeals held that Schmidt had waived the issue of whether The Frantz Group was an "owner" within the meaning of the statute because he

did not submit any opposing affidavits in response to the summary judgment motion, contrary to Wis. Stat. § 802.08(2), and because he did not argue the ownership issue in the circuit court. It is true that Schmidt did not submit any *new* affidavits in response to the summary judgment motion, although both parties mentioned the earlier Schmidt affidavit in their arguments. We know of no requirement that an affidavit already of record must be filed a second time in order to be entitled to consideration.

¶ 37. The waiver, if there was one, was in the failure to specifically argue the ownership issue in the circuit court. We note, however, that Tri-Tech did not establish a prima facie case on The Frantz Group's ownership of the property, as it was required to do. Indeed, the only evidence in the record—Schmidt's interrogatory answers and his earlier affidavit—averred that The Frantz Group did *not* own the property.

¶ 38. In any event, we have already concluded that summary judgment was improperly granted; accordingly, this case will be returned to the circuit court for further proceedings. While Schmidt may have waived The Frantz Group's ownership of the property as an appellate issue by failing to argue it before the circuit court on the summary judgment motion, the waiver will have no consequence on remand.

C. Improvement

■

¶ 39. Tri-Tech was also required to establish a prima facie case that the contract in question was for an "improvement" to land within the meaning of the statute. Wisconsin Statute § 779.01(2)(a) defines "improvement" as "any building, structure, erection, fixture,

demolition, alteration, excavation, filling, grading, tiling, planting, clearing or landscaping which is built, erected, made or done on or to land for its permanent benefit." Citing *Wisconsin Department of Revenue v. A.O. Smith Harvestore Products, Inc.,* 72 Wis. 2d 60, 67–68, 240 N.W.2d 357 (1976), Schmidt argues that the summary judgment record fails to establish a prima facie case that the computer network cabling at issue in this case constituted an "improvement."

¶ 40. The *A.O. Smith Harvestore* case sets forth the test for determining whether particular articles of property constitute fixtures: " '. . . Whether articles of personal property are fixtures, *i.e.,* real estate, is determined in this state, if not generally, by the following rules or tests: (1) Actual physical annexation to the real estate; (2) application or adaptation to the use or purpose to which the realty is devoted; and (3) an intention on the part of the person making the annexation to make a permanent accession to the freehold.' " *Id.* at 67–68 (citing *Premonstratensian Fathers v. Badger Mut. Ins. Co.,* 46 Wis. 2d 362, 367, 175 N.W.2d 237 (1970)). The statutory definition of "improvement" for purposes of construction lien and trust fund rights requires a "permanent benefit" to the land. We also stated in *A.O. Smith Harvestore,* 72 Wis. 2d at 73, that "[w]here a tenant installs fixtures, there is a presumption that they are temporary and that he intends to remove them at the end of the lease period."

¶ 41. The circuit court and the court of appeals construed the "improvements" issue as a question of law. It can be, but usually is not, and is not in this case. We stated in *A.O. Smith Harvestore* that "the application of [the test for fixtures] is normally a question of fact" but can become a question of law "when only one reasonable conclusion may be drawn from the evidence." *Id.* at 68.

¶ 42. We cannot address the question of whether only one reasonable conclusion can be drawn from the evidence, for the simple reason that there *is no* evidence in the record as to whether the computer network cabling comprised an "actual physical annexation" to the property, was an "application or adaptation to the use or purpose" of the property, and was intended to be permanent. In addition, Schmidt's interrogatory answers, which are of record, state as a matter of fact that The Frantz Group did not own the property in question, giving rise at least to an inference that its computer network was not intended to be permanent at that location. Accordingly, for this additional reason, summary judgment was improperly granted.[6]

¶ 43. In summary, we conclude that the treble damages remedy of Wis. Stat. § 895.80 is available for civil theft by contractor under Wis. Stat. § 779.02(5), by operation of Wis. Stat. § 943.20. To sustain a cause of action for treble damages, however, the elements of both statutes, including the specific criminal intent element required by Wis. Stat. § 943.20, must be proven. Because Tri-Tech failed to establish a prima

---

[6] Schmidt argues that because Tri-Tech did not file any lien notice or construction lien, he was not on notice that this was a construction contract, requiring him to hold payments from the property owner in trust for the benefit of those with claims for labor and materials provided on the contract. However, in *Wisconsin Dairies Cooperative v. Citizens Bank & Trust,* 160 Wis. 2d 758, 776, 467 N.W.2d 124 (1991), we held that "neither the language of sec. 779.02(5), Stats., the legislative history, the policies behind the statute, nor our prior decisions support a conclusion that the legislature intended to terminate the trust fund if the subcontractor failed to preserve its lien rights. To the contrary, these factors demonstrate that the legislature intended to provide two independent and alternative remedies for protecting subcontractors—the construction lien provisions, *see, e.g.,* sec. 779.01(3), and the trust fund statute."

facie case on the element of specific criminal intent, and because there is a factual dispute about whether the computer network cabling is an "improvement" for purposes of Wis. Stat. § 779.02(5), summary judgment was improperly granted. We reverse the court of appeals and remand the case to the circuit court for further proceedings.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded for proceedings consistent with this opinion.

¶ 44. JON P. WILCOX, J. *(concurring in part, dissenting in part).* I agree with the court's determination on summary judgment in this case. However, I disagree with the court's conclusion on the availability of treble damages. Under the plain language of the statute, treble damages are not available for a civil action for theft by contractor under Wis. Stat. § 779.02(5) (1999–2000).[1] For that reason, I respectfully dissent.

¶ 45. This case presents us with a question of statutory interpretation. When we interpret a statute, our primary purpose is to discern the intent of the legislature. *Landis v. Physicians Ins. Co.,* 2001 WI 86, ¶ 14, 245 Wis. 2d 1, 628 N.W.2d 893. To determine this intent, we look first to the plain language of the statute. *Id.* If the statutory language is clear and unambiguous, we do not look beyond the statutory language to ascertain its meaning. *Id.*

¶ 46. The statutory language here is straightforward. Wisconsin Stat. § 895.80 states:

(1) Any person who suffers damage or loss by reason of intentional conduct ... that is prohibited

---

[1] All subsequent references to the Wisconsin Statutes are to the 1999–2000 version.

439

under s. 943.01, 943.20, 943.21, 943.24, 943.26, 943.34, 943.395, 943.41, 943.50 or 943.61, or by reason of intentional conduct ... that is prohibited under s. 943.201, has a cause of action against the person who caused the damage or loss.

. . . .

(3) If the plaintiff prevails in a civil action under sub. (1), he or she may recover all of the following:

(a) Treble damages.

. . . .

This provision clearly lists the statutory violations under which treble damages will be available. The statute at issue here, Wis. Stat. § 779.02, as the majority points out, is clearly not among them. Majority op. at ¶ 22.

¶ 47. Under the rule of expressio unius est exclusio alterius, when the legislature specifically enumerates provisions in a statute, this court presumes that the legislature intended to exclude other non-included provisions. *Georgina G. v. Terry M.,* 184 Wis. 2d 492, 512, 516 N.W.2d 678 (1994). When enacting a statute, the legislature is also presumed to act with knowledge of existing statutes. *H.F. v. T.F.,* 168 Wis. 2d 62, 69, 483 N.W.2d 803 (1992). Therefore, we must infer that the legislature was aware of the cause of action for theft by contractor under Wis. Stat. § 779.02, and refused to include it in the treble damages statute.

¶ 48. As the majority points out, the treble damages statute is punitive rather than remedial, and it must therefore be strictly construed. Majority op. at ¶ 21 (citing *John Mohr & Sons, Inc. v. Jahnke,* 55 Wis. 2d 402, 411, 198 N.W.2d 363 (1972)). This further leads me to the conclusion that we cannot read a cause of

action for treble damages into the statute where the legislature did not choose to include it. Thus, I would conclude that the treble damages remedy is not available for a civil action for theft by contractor.

¶ 49. For the foregoing reasons, I respectfully dissent.